## SIMPSON v INDUSTRIAL COMMISSION

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10482. Decided April 21, 1930

Cerrizin & Wilson and M. C. Harrison, all of Cleveland, for Simpson.

Gilbert Bettman, Attorney General, R. R. Zurmehly, Columbus, Harry Feinberg, Cleveland, Arthur Krause, Cleveland, Raymond D. Metzner, Cleveland, for Commission.

LEMERT, J and SHERICK, J (5th Dist) and ROBERTS, J (7th Dist) sitting

SHERICK, J.

Several errors are complained of, but all are conceded to be embodied in the one question, as to whether or not under **1465-76 GC**, it was the intention of the Legislature, to permit an injured employee to secure full compensation for his injury from his employer and also from the Industrial Commission under the law as it existed prior to July of 1925.

Examination of that section as it then stood clearly indicates that the employee had the right to make his election as to whether he would seek compensation as against the employer or the commission. The very fact that he is given the option is indicative of the legislative intent that the injured employee could not seek his remedy against both. But the claimant now presses the fact that he did elect to proceed against the commission, and that he is not bound by the acts and declarations of his next friend in and growing out of the action for damages against his employer by his next friend. With this we cannot agree, for the plaintiff admits that he has received the settlement made in that case, which was $1050.00, and which is in fact more than he would have received from the Commission under the statute for full compensation for his injury. This sum he has not returned. It is well settled in law that the unauthorized act of an agent may be ratified by the principal, and it is equally true that one under age may after becoming of age ratify and be bound by his prior act whether the same be done by himself or by some one else acting for him and on his behalf. And by knowingly accepting full compensation for his injury after he became of legal age, he ratified in every particular all the acts, statements and representations made by his father as next friend just the same as if such were his very own. It is aptly said in 21 R. C. L. page 293, "If a principal elects to ratify any portion of an unauthorized transaction of his agent he must ratify the whole of it. He can not avail himself of such acts as are beneficial to him and repudiate such as are detrimental."

In other words the plaintiff cannot accept the fruits of the acts and representations of his next friend, acting lawfully for him as in this case, and now be heard to aver that the statements of his agent as contained in the reply filed in the damage action were false.

We do not believe that it was the intention of the legislature that an employee was to be twice compensated for his injury, but it was intended that he should be compensated by this state if he so elected. The Act was intended as the employee's shield and protection but it was not meant for a double recovery or placed a premium on injury. To adopt the construction desired by plaintiff would work a wrong against the State and promote a practice that would encourage fraud.

Finding no error in the action of the trial court, its judgment will be affirmed. Exceptions may be noted.

Lemert, J, and Roberts, J, concur.