## FELDER v. FEDERAL CROP INS. CORPORATION.

### No. 5305.

Circuit Court of Appeals, Fourth Circuit.

Dec. 26, 1944.

P. L. Felder, Jr., of Orangeburg, S. C. (Felder & Rosen, of Orangeburg, S.C., on the brief), for appellant.

Louis M. Shimel, Asst. U. S. Atty., of Charleston, S. C. (Claud N. Sapp, U. S. Atty., of Columbia, S. C., on the brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and CHESNUT, District Judge.

DOBIE, Circuit Judge.

This is a civil action brought by M. H. Felder against the Federal Crop Insurance Corporation to recover under a crop insurance policy which was issued to him

under the Federal Crop Insurance Act, 7 U.S.C.A. §§ 1501–1518, hereinafter called the Act.

The Federal Crop Insurance Corporation is an agency of and within the Department of Agriculture. Under the Act the Secretary of Agriculture and the Corporation were authorized to issue such Regulations as might be necessary to carry out the provisions of the Act. Code of Federal Regulations, Title 7, § 411.1 et seq. By the terms of the instant insurance contract, certain of these Regulations are incorporated as part of the contract. These provisions, when pertinent, will be set forth below.

On March 4, 1942, Felder, on proper forms, applied for cotton crop insurance. There is no question as to the existence of a valid contract. Nor is the question raised here as to whether the alleged loss was one covered by the contract of insurance.

On August 28 1942, Felder, in answer to an inquiry made August 24, 1942, by the County Administrative officer of the Corporation, notified the officer of an anticipated loss as a result of adverse weather conditions and damage by boll weevil. Felder admits, and the records show, that the last of his cotton crop was ginned October 14, 1942. On December 4, 1942, Felder was requested to appear at the local administrative office to sign an application for crop insurance loss. Felder testified that this application was signed by him on January 18, 1943. The carbon copy of this application (received by Felder) is blurred beyond recognition; however, the original copy, retained by the officer, bears the date of March 1, 1943. On February 17, 1943, Felder received a letter from the County Committee to the effect that no definite action had been taken in the matter. Later, on February 19, 1943, Felder received a letter from the County Committee requesting additional information. Finally, by letter of May 26, 1943, the County Committee definitely declined to entertain Felder's claim. Whereupon Felder instituted this action in the District Court of the United States for the Eastern District of South Carolina. From a judgment entered against him on a directed verdict, Felder has duly appealed.

The sole question here is whether Felder sufficiently complied with the terms of his contract in making timely proof of loss.

Paragraph 13 of the application for insurance (identical with Section 411.9 of the Regulations under the Act) provides:

"13. Time of Loss:—Loss, if any, shall be deemed to have occurred at the completion of weighing in of the insured crop at the gin or disposal of the harvested crop or January 21, 1943 (unless such time is extended in writing by the Corporation), whichever occurs first, unless there is a total or substantially total destruction of the entire crop at an earlier time, in which event the loss shall be deemed to have occurred at the time of such total or substantially total destruction as determined by the Corporation. The cotton crop shall be deemed to have been substantially totally destroyed if the Corporation finds that it has been so badly damaged that farmers generally in the area where the farm is located and on whose farms similar losses occurred would not further care for the crop or harvest any portion thereof."

Further, paragraph 14 of the application (Identical with Section 411.10 of the Regulations under the Act) provides:

"14. Proof of Loss:—If a loss is claimed, the insured shall submit to the Corporation at the office of the county committee, on a form prescribed for that purpose, a statement in proof of loss containing such information as may reasonably be required regarding the insured crop. Such statement in proof of loss shall be submitted not later than 30 days after the time of loss, unless such time is extended in writing by the Corporation. It shall be a condition precedent to any liability under the insurance contract that the insured establish that any loss for which claim is made has been directly caused by a hazard insured against by the insurance contract during the term of the contract, and that the insured further establish that such loss has not arisen from or been caused by, either directly or indirectly, any of the hazards not insured against by the insurance contract."

Thus it is clearly apparent that Felder, in order to recover here, must bring himself within the requirements of these two provisions. This he has failed to do.

Paragraph 13 patently prescribes three alternative events (whichever occurs first) with reference to which the time of loss may be established. These are: (1) Completion of weighing in of the insured crop at the gin; (2) disposal of the harvested crop [if disposed of on or before January

21, 1943]; (3) January 21, 1943 [if harvested crop is retained after that date]. (Words within brackets are added.)

■ Since Felder completed his ginning on October 14, 1942, under the first alternative, his loss was established as of that date, and proof of loss had to be filed within 30 days thereafter. Hence, under the requirements of paragraph 14, Felder's dead-line for filing his application was November 13, 1942, in the absence of any written extension of time by the Corporation. Since there is no evidence of an extension in writing, and since by the terms of paragraph 14 the filing of such proof of loss is expressly made a condition precedent to any liability on the part of the Corporation, with the passage of that date went Felder's right of recovery. The fact that Felder may have filed his application, as he contends, on January 18, 1943, is of no moment.

As this Court said in Wachovia Bank & Trust Co. v. Independence Indemnity Co., 4 Cir., 1930, 37 F.2d 550, 552, where an action was brought on a fidelity bond: "This action, in failing to give notice of the defalcation of Maslin, within a proper time, was inexcusable, and the failure so to do within 30 days from the date of the discovery of loss is conclusive of the right of the plaintiff to recover upon the bond in suit. In this case, the *right of recovery is dependent upon the condition precedent so expressly stated upon the face of the bond, viz. that notice of the defalcation should be given within a reasonable time, and at all events not later than 30 days after the discovery of the defalcation and loss.*" (Italics ours.) See, also, Harris v. North British & Mercantile Ins. Co., 5 Cir., 1929, 30 F.2d 94, 95; Callen v. Mass. Protective Ass'n. Inc., 8 Cir., 1928, 24 F.2d 694.

■■ The Regulations from which paragraphs 13 and 14 arise have the force and effect of law. Latgis v. United States, 4 Cir., 1938, 97 F.2d 588, 590; cf. Billings v. Truesdell, 1944, 321 U.S. 542, 551, 64 S.Ct. 737. Since paragraph 14 is incorporated into the insurance contract, Felder is bound by the limitation of the time prescribed for filing proof of loss. Cf. Atlantic Coast Line R. Co. v. Pope, 4 Cir., 1941, 119 F.2d 39, 44.

■ Felder argues that even if we assume the bar to have fallen, the limitation has been waived by the Corporation. The Regulations and the provisions of the insurance contract conclusively answer this contention. One, and only one, method is provided for extending the time specified, and that is by an extension in writing by the Corporation. There was no such extension here. Expressio unius est exclusio alterius. See Brotherhood etc. v. Norfolk Southern Ry. Co., 4 Cir., 1944, 143 F.2d 1015. Nor was any waiver effected by action on the part of the County Committee. And, as this Court said in Neely v. United States, 4 Cir., 115 F.2d 448, 452: "* * * where a claim has once been barred by the running of the statutory period, a reconsideration by the Veterans' Administration does not operate to raise the fallen bar." Further, the United States is not bound by acts of its officers or agents in doing something the law does not sanction. United States v. City and County of San Francisco, 310 U.S. 16, 32, 60 S.Ct. 749, 84 L.Ed. 1050.

■ Felder further argues that since, by reason of his notice of August 28, 1942, the County Committee had knowledge of his loss, this is sufficient. This contention is directly refuted by the language of Section 411.42 of the Regulations under the Act, which reads as follows:

"Section 42. Modification of Insurance Contract.—No Notice to any county committee or representative of the Corporation or knowledge possessed by any such county committee or representative or by any other person shall be held to effect a waiver of or change in any part of the insurance contract or estop the Corporation from asserting any right or power under such contract; nor shall the terms of such contract be waived or changed except as authorized in writing by a duly authorized officer or representative of the Corporation; nor shall any provision or condition of the insurance contract or any forfeiture be held to be waived by any delay or omission by the Corporation in exercising its rights and powers hereunder or by any requirement, act, or proceeding, on the part of the Corporation or of its representatives, relating to appraisal or to any examination herein provided for."

We might point out that this case involves no element of technical estoppel. No act of any official prevented the timely filing of proofs of loss; but, on the contrary, the period for filing such proofs had already elapsed before even the commission of any of these acts. As Mr. Justice Holmes stated in Rock Island, Arkansas & Louisiana R. Co. v. United States, 254

U.S. 141, 143, 41 S.Ct. 55, 56, 65 L.Ed. 188: "Men must turn square corners when they deal with the Government. If it attaches even purely formal conditions to its consent to be sued those conditions must be complied with. * * * At all events the words are there in the statute and the regulations and the Court is of opinion that they mark the conditions of the claimant's right."

The judgment of the District Court is affirmed.

Affirmed.