## MOCK v. UNITED STATES.
### No. 4025.

United States Court of Appeals
Tenth Circuit.

June 21, 1950.

J. B. Champion, Jr., Ardmore, Okl., for appellant.

Harry G. Foreman, Asst. U. S. Atty., Norman, Okl. (Robert E. Shelton, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge. and BRATTON and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

On August 31, 1945, Mock applied to the Federal Crop Insurance Corporation[1] under the Federal Crop Insurance Act, as amended, 7 USCA §§ 1501–1518, for insurance on wheat crops to be produced in years 1946, 1947 and 1948 on certain lands located in Carter County, Oklahoma. The application was accepted by the Corporation. Incorporated in the application was

1. Hereinafter called the Corporation.

a premium note, executed by Mock, covering the premium for the crop year 1946, for $411.40 due June 30, 1946.

The United States commenced this action in behalf of the Corporation to recover such instalment of premium. Mock admitted the claim of the United States, but set up a counterclaim predicated on these facts:

The insurance contract provided that the average yield per acre for each insurance unit should be established by the Corporation for the first year of the contract. The County Agricultural Conservation Committee on April 29, 1946, recommended that the yield on Mock's wheat land be established at 6.5 bushels per acre. The yield was finally established at 6.5 bushels per acre by the State Director of the Corporation on May 3, 1946. The yield normally would have been fixed about December 1, 1945. The delay was due to the inadvertence of the County Administrator in the office of the County Agricultural Conservation Association. The wheat was harvested about June 1, 1946. Mock had been told by the agent in Carter County[2] that he was insured for 12 bushels per acre, and did not learn that the yield had been established at 6.5 bushels until shortly after the wheat was harvested. About June 15, 1946, Mock sought an increase in the yield by review under 7 C.F.R. § 418.41. The County Committee then recommended that the yield be increased to 10.5 bushels per acre. The wheat was damaged by green bugs and actually yielded 6.5 bushels per acre. On November 27, 1946, the Manager of the Corporation denied Mock's appeal on the grounds that it was unjustifiably delayed; that the Corporation would not approve an adjustment which would increase its liability after a loss had occurred, and that the County Committee in recommending that the yield be increased, " * * * did not give proper consideration to all the factors that should have been considered * * *."

From a judgment denying the counterclaim and awarding the United States judgment for the installment of the premium, Mock has appealed.

7 C.F.R. § 418.17, in part, provides:

*"Proof of loss.* If a loss is claimed, the insured shall submit to the Corporation, on a form and in the manner prescribed by the Corporation, a statement in proof of loss containing such information regarding the manner and extent of the loss as may be required by the Corporation. The statement in proof of loss shall be submitted not later than sixty days after the time of loss, unless the time is extended in writing by the Corporation. * * *"

7 C.F.R. § 418.43 provides:

*"Modification of insurance contract.* No notice to any county committee or representative of the Corporation or knowledge possessed by any such county committee or representative or by any other person shall be held to effect a waiver of or change in any part of the insurance contract or to estop the Corporation from asserting any right or power under such contract; nor shall the terms of such contract be waived or changed except as authorized in writing by a duly authorized officer or representative of the Corporation; nor shall any provision or condition of the insurance contract or any forfeiture be held to be waived by any delay or omission by the Corporation in exercising its rights and powers thereunder or by any requirement, act, or proceeding, on the part of the Corporation or of its representatives, relating to appraisal or to any examination herein provided for."

Mock did not file a proof of loss. After he had given notice of the loss to the Corporation on Form FIC-8 he went to the office of the County Administrator at Ardmore, Oklahoma, for the purpose of filing a proof of loss. The County Administrator discussed the matter with the District Adjuster for the Corporation. The Adjuster orally advised the County Administrator that Mock should not submit a proof of loss unless the yield was increased. On his inspection report the Adjuster stated, "No statement of proof of loss will be submitted until and unless the average yield is increased."

2. The record does not further identify such agent.

176

There was no proof that the Adjuster was authorized to waive proof of loss, or to authorize the County Administrator to waive proof of loss. Moreover, the waiver must rest upon the statement of the County Administrator to Mock, and the County Administrator was not "authorized in writing by a duly authorized officer or representative of the Corporation" to make such waiver. The statement of the County Administrator acting without authority, even though both Mock and the County Administrator were ignorant of such lack of authority, did not excuse Mock from filing the proper proof of loss. Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10, 175 A.L.R. 1075. See, also, Farm Security Administration v. Herren, 8 Cir., 165 F.2d 554, 564.

Finally, since the appeal from the determination of the average acreage was denied, there was no loss under the insurance contract.

Affirmed.