109 F.Supp. 319 (1952)
UNITED STATES
v.
BLACKBURN et al.
UNITED STATES
v.
YAGEL.
Nos. 399, 389.
United States District Court E. D. Missouri, N. D.
December 9, 1952.
*320 George L. Robertson, U. S. Atty., and Allan Goodloe, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.
Rendlen & Rendlen, Hannibal, Mo., Erroll Joyce, Brookfield, Mo., for defendant.
HARPER, District Judge.
The plaintiff brought separate suits against the defendants for the collection of 1946 premium on wheat crop insurance contracts. The suits were consolidated for the purpose of the trial. The motions of the defendants filed at the close of the plaintiff's testimony for directed verdicts are overruled.
Defendant Blackburn's insurance contract covered his interest as a tenant in the crop which belonged to the defendant Yagel, and in which he had a 40% interest and Yagel a 60% interest. The defendant Yagel's contract covered his interest in the crop on the land on which Blackburn was a tenant, and his crop on additional land. Each defendant has filed a counterclaim, the defendant Blackburn claiming a loss allegedly occurring in 1946, and the defendant Yagel claiming a loss allegedly occurring in 1947.
The suit was properly brought in the name of the United States. Insurance Co. of North America v. U. S., 4 Cir., 159 F.2d 699, 702.
The suit against defendant Yagel was for $427.16 for the 1946 premium of wheat crop insurance, and the suit against Blackburn was for $244.35 for the 1946 premium of wheat crop insurance. It was clearly established that each of the defendants signed the contracts sued on, that the contracts were in full force and effect for the year 1946, and that the premiums have not been paid.
The wheat crop insurance regulations were binding on all who contracted for wheat crop insurance. Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380, 385, 68 S.Ct. 1, 92 L.Ed. 10.
Section 418.17 of the Federal Crop Insurance regulations provides that proofs of loss shall be submitted not later than 60 days after the time of the loss, unless the time is extended in writing by the corporation. Defendant Blackburn did not file a proof of loss for his alleged loss in 1946 within the time provided by the regulations, and since there was no extension by the corporation in writing, he cannot recover on his counterclaim. Mock v. U. S., 10 Cir., 183 F.2d 174.
The defendant Yagel did not comply with Section 418.17 of the crop insurance regulations with respect to filing proof of loss for his alleged loss in 1947, and in addition, for the year 1947 violated other regulations, in that he did not promptly file his report with respect to seeding as required by Section 418.6, did not pay his premium for either 1946 or 1947, as provided by Sections 418.12 and 418.13, and did not notify the Federal Crop Insurance Corporation of the probable loss as required by Section 418.14. In view of the failure of the defendant to comply with the regulations the defendant cannot recover on the counterclaim. Mock v. U. S., supra.
*321 In these cases, as in many others in which the Government is involved, cases of hardship are presented. Based upon the information that the defendants were given by representatives of the corporation, they may well have been led to fail to give notice and to give certain information which they were required to give. If the plaintiff were a private insurance company, the matters might present a different issue, but where the Government is a party, the regulations must be strictly complied with. As Mr. Justice Holmes stated in Rock Island, Arkansas & Louisiana R. Co. v. U. S., 254 U.S. 141, 143, 41 S.Ct. 55, 56, 65 L.Ed. 188: "Men must turn square corners when they deal with the Government. If it attaches even purely formal conditions to its consent to be sued those conditions must be complied with. * * * At all events the words are there in the statute and the regulations, and the Court is of opinion that they mark the conditions of the claimant's right."
Plaintiff is entitled to judgment against both defendants for the amounts claimed in the petition, together with interest at 6% from June 30, 1946. Judgment will be against both defendants and in favor of plaintiff on their respective counterclaims.
Attorneys for plaintiff will prepare the Findings of Fact, Conclusions of Law and Judgment to be entered by the Court.