## UNITED STATES v. CAIN.
### Civ. No. 559.

United States District Court
W. D. Oklahoma.
June 8, 1953.

Leonard L. Ralston, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Walter Morris, Anadarko, Okl., for defendant.

WALLACE, District Judge.

The plaintiff, the United States of America, brings this action to recover an unpaid wheat crop insurance premium for the year 1947 allegedly owed by the defendant to the Federal Crop Insurance Corporation.

On August 31, 1945, the defendant made application in writing to the Federal Crop Insurance Corporation for insurance to cover his interest in the wheat crop to be seeded for harvest as grain in the years 1946, 1947 and 1948 in Caddo County, Oklahoma.[1] This application was properly accepted by the insurance corporation.

The question before the Court is whether the defendant could and did effectively cancel the insurance for the year 1947 and thus relieve himself from liability for that year's premium.

At the trial the defendant testified that he did apply for insurance and gain such coverage for the three years in question.[2] However, the defendant further testified that at the time he paid the 1946 crop insurance premium he orally served notice upon one of the administrative officers at the local county association that he was canceling the two remaining years of insurance.

The Court has carefully considered the introduced evidence and is of the opinion that the attempted cancellation was ineffective; thus, inasmuch as the wheat crop interest of the defendant was insured for the year 1947, the premium must be paid.

The "Application for Wheat Crop Insurance" incorporated by express refer-

---

1. See the Federal Crop Insurance Act, 7 U.S.C.A. § 1501 et seq.

2. See "Application". (PX–1)

ence the applicable Wheat Crop Insurance Regulations and made such regulations a part of the contract between the insurer and the insured.[3]

Section 418.43 of these regulations provides in part:[4]

"*Modification of insurance contract.* No notice to any county committee or representative of the Corporation or knowledge possessed by any such county committee or representative or by any other person shall be held to effect a waiver of or change in any part of the insurance contract or to estop the Corporation from asserting any right or power under such contract; nor shall the terms of such contract be waived or changed except as authorized in writing by a duly authorized officer or representative of the Corporation. * * *"

■ This contractual provision between the plaintiff and the defendant unmistakably precludes the defendant from successfully asserting he could cancel the insurance contract by merely giving oral notice to a representative of the county association.

■ In addition, the only section of the Wheat Crop Insurance Regulations which makes a direct reference to the right of the insured to cancel provides:[5]

"The insured may cancel the insurance contract as it relates to future crops by entering into a new three-year contract, if one is offered, but such cancelation shall be effective only for crop years covered by the new contract. The insured may cancel the insurance contract as it applies to the *third year* by giving *written notice* to the Corporation by mail within one year after the closing date as defined in s 418.45 hereof. * * *" (Emphasis supplied.)

Hence, the only unqualified right to cancel possessed by the insured pertained to the third year and even then the notice had to be in writing. Clearly, the insured could not cancel the *second* year by merely giving *oral* notice.

In determining the rights of the parties the Court must follow the clearly written provisions of the governing contract.

■ The defendant raises the additional point that in any event he should not be liable for 371 acres of insurance as turned in on the Winter Wheat Crop Insurance Acreage Report since he did not have an interest in 70 acres of the wheat as described in the report.[6] However, the Court does not believe the defendant's argument is sound.

The evidence indicates that the defendant did have a share in 371 acres of wheat in the county as turned in on the report. The mere fact that there was a ministerial error in putting down the legal description as to 70 acres did not reduce the amount of insurance coverage the defendant enjoyed.

Section 418.2 of the regulations provides in part:

---

3. Paragraph H states in part: "* * * It is further understood and agreed that the accepted application and the Applicable Wheat Crop Insurance Regulations, including any amendments thereto, constitute the contract between the Corporation and the insured." (PX–1)

4. (PX–2).

5. § 418.3 (d) (PX–2).

6. See (DX–2) The defendant insists that he had no interest in the 70 acres located in NE/4 of 24–5–11.
   The Winter Wheat Crop Insurance Acreage Report (PX–3A) was filed by the County Committee composed of D. C. Nixon and E. O. Bowling when Mr. Cain refused to file the report and

claimed the insurance had been canceled. (PX–3) This action was authorized by § 418.6 of the Regulations which states: "* * * The insured acreage with respect to each insurance unit shall be either the acreage of wheat seeded for harvest as grain as reported by the insured or the acreage determined by the Corporation as seeded thereon for harvest as grain, whichever the Corporation shall elect." (PX–2)
   Apparently, at the time this report was filed the defendant took the position that the writing on his check paying the 1946 premium which said "All I owe" constituted cancellation. (See PX–3 and DX–3) Obviously, such in and of itself could not amount to a cancellation.

618

"* * * An application shall cover the applicant's interest in the wheat crop on all insurance units located, or considered for crop insurance purposes to be located, in the county, or where applicable, on all insurance units in the local producing area, in which the applicant has an interest at the time of the seeding of the wheat crop to be harvested in any of the three years covered by this part. * * *"

Unquestionably, the insurance corporation would have been responsible for a loss on the entire 371 acres in which the defendant had an interest; such being true, the insurance corporation is entitled to the full premium.

Plaintiff should have judgment against the defendant for $611.80 plus interest of one-half of one percent per month from June 30, 1947, until paid, and for the costs of this action.

An appropriate journal entry should be submitted to the Court by counsel within ten days.