Patrick **BYRNE**, Plaintiff,

v.

**FEDERAL CROP INSURANCE COR- PORATION**, Defendant.

No. 4-67 Civ. 177.

United States District Court
D. Minnesota,
Fourth Division.

Oct. 2, 1968.

Geoffrey J. Mahoney, Minneapolis, Minn., for plaintiff.

Patrick J. Foley, U. S. Dist. Atty., by Neal J. Shapiro, Minneapolis, Minn., for defendant.

NEVILLE, District Judge.

The above cause is before the court on defendant's motion for summary judgment. It can be granted only if there is no genuine issue of material fact. The plaintiff is a farmer in Le Sueur, Minnesota. The defendant is a wholly owned corporation of the United States of America established by the Federal Crop Insurance Act, 7 U.S.C. § 1503, as an agency of and within the Department of Agriculture. Its purpose is to insure farmers producing agricultural commodities against partial or total crop loss from various causes.

On April 30, 1963, plaintiff applied for insurance to cover his interest in a corn crop, which application was accepted and became effective May 22, 1963. It is not contested that this policy was in force at the time of loss.

Plaintiff, apparently orally, notified defendant on September 27, 1965 of a claimed loss to his crop due to hail and frost. A "Preliminary Inspection Report" was made and filled out by one of defendant's agents on October 4th and consented to by plaintiff who on October 12, 1965 signed the same. Thereafter, a "Claim For Indemnity" was prepared by a representative of the defendant, showing a claim in the amount of $306.18. The basis for arriving at that amount is not clear, but in any event the plaintiff refused to sign the claim form. Subsequently no further written claim was filed, though plaintiff alleges he made oral claims for a greater amount. The Corporation did not provide, nor did plaintiff actually ask for, a blank claim form; nor did plaintiff attempt to correct the form prepared by defendant's representative by increasing the amount. No further action was taken by either party until the filing of this suit on June 26, 1967, nearly two years later.

The contract of insurance which governs this controversy is based on and is a part of 7 C.F.R. § 401.11. These regulations must be complied since they have been held to have the force of law. Felder v. Federal Crop Ins. Corp., 146 F.2d 638 (4th Cir. 1944). 7 C.F.R. § 401.11(11) (a) is reproduced as section 11(a) of the contract of insurance here at issue. It provides:

"Any claim for loss on an insurance unit shall be submitted to the Corporation on a form prescribed by the Corporation, not later than 60 days after the time of loss."

It is clear that plaintiff has not complied with this requirement. Unfortunately for plaintiff, failure to do so must be considered a bar to recovery under the decided cases. Roberts v. Federal Crop Ins. Corp., 158 F.Supp. 688 (E.D.Wash.1958), aff'd 260 F.2d 958 (9th Cir.); Felder v. Federal Crop. Ins. Corp., 146 F.2d 638 (4th Cir. 1944). See also Mock v. United States, 183 F.2d 174 (10th Cir. 1950).

By the terms of the contract, no representative of the government may waive the provisions of the contract except in writing, Felder v. F. C. I. C., supra, and no equitable estoppel operates in this area. United States v. Shaw, 137 F.Supp. 24 (D.N.D.1956).

Plaintiff cannot be excused from filing the appropriate claim form. He asserts that orally several times he asked for a greater indemnity, but that each request was met by a retendering of the "filled in claim form." However, plaintiff does not allege that he ever asked for or otherwise sought a blank claim form as a prudent man might be expected to do in these circumstances. Further, he did not attempt to cross out the

amount listed by the defendant's representative and substitute the amount he felt entitled to claim. Finally he delayed until June, 1967 before filing this action. In view of the decided cases these factors make it impossible for the court to carve out any exception to the clear requirement of 7 C.F.R. § 401.11(11) (a).

■ This court is bound by the decisions of the United States Supreme Court and particularly the case of Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947), wherein the court stated:

" * * * And so we assume that recovery could be had against a private insurance company. But the Corporation is not a private insurance company. It is too late in the day to urge that the Government is just another private litigant, for purposes of charging it with liability, whenever it takes over a business theretofore conducted by private enterprise or engages in competition with private ventures. Government is not partly public or partly private, depending upon the governmental pedigree of the type of a particular activity or the manner in which the Government conducts it. * * * anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority. * * *

\* \* \* \* \* \*

Accordingly, the Wheat Crop Insurance Regulations were binding on all who sought to come within the Federal Crop Insurance Act, regardless of actual knowledge of what is in the Regulations or of the hardship resulting from innocent ignorance. The oft-quoted observation in Rock Island, Arkansas & Louisiana R. Co. v. United States, 254 U.S. 141, 143, 41 S.Ct. 55, 56, 65 L.Ed. 188, that 'Men must turn square corners when they deal with the Government,' does not reflect a callous outlook. It merely expresses the duty of all courts to observe the

conditions defined by Congress for charging the public treasury."

While the dissenting opinion in the *Merrill* case generates the sympathy of this court, the fact is that it is just that, a dissent, and this court is bound to follow the majority opinion.