**Earl P. KNISELY, Plaintiff,**

v.

**FEDERAL CROP INSURANCE CORPORATION, Defendant.**

**Civ. No. 68–37.**

United States District Court,
S. D. Ohio, E. D.

Sept. 30, 1971.

⊙═13.1

James C. Britt and Richard S. Donahey, Columbus, Ohio, for plaintiff.

William W. Milligan, U. S. Atty., Gary T. Brinsfield, Asst. U. S. Atty., Columbus, Ohio, for defendant.

## OPINION AND ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court on the motion of plaintiff for the entry of summary judgment under the provisions of Rule 56 of the Federal Rules of Civil Procedure. The Court also has before it the memoranda and exhibits of the parties.

Rule 56, Fed.R.Civ.P. authorizes "a party seeking to recover upon a claim * * * [to] move with or without supporting affidavits for a summary

judgment in his favor upon all or any part thereof." Where the pleadings, admissions and affidavits on file show that there is no genuine issue as to any material fact, and where the moving party is entitled to judgment as a matter of law, summary judgment on that motion may be rendered forthwith. Summary judgment has been held appropriate in a case factually similar to the one at bar. See, Byrne v. Federal Crop Insurance Company, 289 F.Supp. 873 (D.Minn.1968).

The complaint in this case was filed on January 23, 1968, with the Common Pleas Court of Franklin County, Ohio. Defendant's petition for removal to this court, pursuant to 28 U.S.C.A. § 1442(a), was granted on February 5, 1968.

The complaint alleges that plaintiff, a citizen of Ohio, owns and operates a farm situated in Franklin County, Ohio. Defendant Federal Crop Insurance Corporation (F.C.I.C.) is an agency of the United States, created by act of Congress, 7 U.S.C.A. §§ 1501 et seq., and administered through the Department of Agriculture. On April 30, 1966, an application was made for crop insurance by plaintiff's farm manager, one Sammie Reece. The application, as almost immediately amended, covered the applicant's interest in corn, soybeans and wheat in 1966 and succeeding crop years. A Mr. Paul Donahue, defendant's agent, spoke to Mr. Reece at that time and told him he could sign the application form as farm manager on behalf of plaintiff and this was done by Mr. Reece.[1] Mr. Donahue witnessed Mr. Reece's signature and the application form was returned to defendant's office. There it was processed through the ordinary channels and recommended for acceptance by Cheryl Porter of defendant's State office and accepted on behalf of the corporation on May 31, 1966, by H. K. James, defendant's State Director for Ohio. Plaintiff's check for the insurance premiums was tendered and accepted by the defendant. Defendant explicitly concedes that plaintiff paid the premiums on the crop insurance for the years in question.

On December 9, 1966, Sammie Reece orally notified defendant's Delaware, Ohio, office that plaintiff's farm had sustained a loss on its corn crop. Plaintiff expected defendant to send a crop adjuster and when this was not done, notified defendant again of the loss on March 7, 1967. Defendant asserts that it sent plaintiff a letter of December 15, 1966, informing him that he was required, pursuant to Section 11(c) of the Federal Crop Insurance Contract, to submit a formal proof of claim within sixty (60) days of the crop loss.[2] Plaintiff claims he never received this letter. However, Exhibits D and F as

---

1. Section 1 of the Federal Crop Insurance Manual (1961) specifically provides that an agent may sign the insurance contract for his principal, as long as his capacity as agent is clearly indicated. Plaintiff's application for insurance as signed by Reece meets this requirement. (See Plaintiff's Exhibits A and B)

Defendant's manual further provides that:
"The F.C.I.C. representative is responsible for determining that a person signing in a representative capacity has the necessary authority.
"When the F.C.I.C. representative does not know that the representative has the necessary authority to act, he should require such person to provide evidence of his authority."

Defendant does not contend that Reece's authority as agent was in any way challenged at the time he signed the contract.

2. Section 11(c) of the Contract provides that:
"Any claim for loss on an insurance unit shall be submitted to the Corporation on a form prescribed by the Corporation, not later than 60 days after the time of the loss."
The loss in this case occurred on December 9, 1966. According to this provision of the contract, plaintiff should have filed his formal claim by February 8–9, 1967. He in fact filed his claim on March 7, 1967.

attached to plaintiff's motion for summary judgment are defendant's official business records of the Notice of Damage or Loss, executed by plaintiff or his agent on December 9, 1966, and on March 8, 1967.

Although plaintiff's claim was thus untimely under the contract, defendant, in accordance with its general practice dispatched an adjuster who made an inspection and assisted plaintiff's agent in the preparation and filing of a formal claim. Defendant's adjuster filed a report in which he stated he was able to accurately measure the extent of the crop damage (See, Plaintiff's Exhibit G). Plaintiff's claim for 1966 crop loss was for forty-three (43) bushels per acre of corn or for $1,871.88. The parties are in agreement that this sum constitutes the actual dollar loss for crop year 1966 (See, Defendant's Reponse to Plaintiff's Motion, p. 6).

Plaintiff's claim for crop loss during crop year 1966 was rejected by defendant's Ohio State Director on April 27, 1967 (Defendant's Exhibit 11). The basis for the rejection of this claim was solely that plaintiff had filed an untimely proof of claim.

On or about June 6, 1967, plaintiff discussed the rejection of his claim with Mr. James, State Director of defendant's Ohio office. In the course of this conversation according to the affidavit of Mr. James (Defendant's Exhibit 12), plaintiff stated that " * * * Sammie Reece did not have authority to represent him as farm manager or to act as his agent in any matter other than to accept deliveries of feed and supplies made to the farm."

On August 27, 1967, defendant through Mr. James informed plaintiff that the corporation was cancelling his crop insurance contract for crop years 1966–1967. The defendant declared that the basis for voiding the contract was that " * * * Samie [sic] Reece was not authorized to sign the application [for plaintiff]" (Plaintiff's Exhibit 10).

Defendant thus significantly shifted its position from rejecting a claim under an otherwise valid contract for failure to meet specified procedural requirements to declaring the entire contract void and of no effect because of legal failures to its formation. Shortly thereafter defendant attempted to return the premiums plaintiff had paid for the 1966 and 1967 crop years, totaling $735.-14 but plaintiff refused to accept this tender (See, Defendant's Response to Motion, p. 4).

On October 9, 1967, plaintiff informed F.C.I.C. Ohio Director, Mr. James, that he had sustained losses of his 1967 crop (Plaintiff's Exhibit I). On January 10, 1968, plaintiff notified defendant that the approximate loss to his 1967 crop was between $4,000 and $6,000. (See, Plaintiff's Exhibit J). Defendant was requested to have one of its adjusters make a more accurate assessment of crop damages. Mr. James informed plaintiff by letter of January 18, 1968, that his contract " * * * had been declared void * * *" and that "* * * no action will be taken to dispatch an adjuster to assist [plaintiff] with claim for any loss under the * * * contract." (Plaintiff's Exhibit K) This action was commenced shortly thereafter.

■ The defendant concedes that plaintiff paid the premiums on the crop insurance for the years 1966 & 1967. (Defendant's Response to Motion, p. 4). The payment by plaintiff of the insurance premiums constituted the ratification of his agent's act of entering the contract, even assuming *arguendo* that Reece lacked specific authority to so contract. Rayonier, Inc. v. Polson, 400 F.2d 909 (9th Cir. 1969); In re Ralston, 401 F.2d 293 (6th Cir. 1968); State ex rel. Riley Construction Co. v. East Liverpool City School District Board of Education, 10 Ohio St.2d 25, 225 N.E.2d 246 (1967); Simpson v. Industrial Commission of Ohio, 36 Ohio App. 316, 173 N.E. 211 (1930); also see, Valaske v.

Wirtz, 106 F.2d 450 (6th Cir. 1939). Oral representations made to the contrary by plaintiff to James on June 6, 1967, cannot affect an otherwise valid, properly ratified insurance contract. The crop insurance policy could not be cancelled solely on the basis of plaintiff's oral remarks. See, United States v. Kinder, 146 F.Supp. 350 (W.D.Ark. 1957); United States v. Cain, 112 F. Supp. 616 (W.D.Okl.1953).

It must next be determined whether plaintiff made a timely claim with defendant for crop losses sustained during crop year 1966. It has been held that F.C.I.C. regulations governing the filing of claims are to be strictly complied with. See, Mock v. United States, 183 F.2d 174 (10th Cir. 1950); Felder v. Federal Crop Insurance Corporation, 146 F.2d 638 (4th Cir. 1944); Byrne v. Federal Crop Insurance Corporation, 289 F.Supp. 873 (D.Minn.1968); United States v. Blackburn, 109 F.Supp. 319 (E.D.Miss.W.D.1952). In none of the cases cited above, however, did the F.C. I.C. unilaterally and wrongfully declare the crop insurance void because of a misunderstanding and misapplication of contract law. That is what defendant has done in the case at bar and therefore it has shifted the focus of judicial inquiry from one of what constitutes proper procedural filing under F.C.I.C. regulations to one of substantive contract law.

In any event in the case now before the Court the defendant has not argued that it was in any way prejudiced, within the meaning of Section 8(c) of the contract, by plaintiff's failure to submit a timely official proof of claim.[3] Defendant's own records indicate that the corporation had notice on December 9, 1966, that plaintiff had sustained some crop loss. The corporation was able, according to its own adjuster's report, to accurately ascertain the extent of crop damage even though plaintiff did not file his proof of claim until March 7, 1967, four weeks after the sixty days provided for in Section 11(a) of the contract had elapsed (See, Plaintiff's Exhibits D, E, and G).

Perhaps prejudice would be inferred in Byrne v. Federal Crop Insurance Corporation, *supra*, where several years elapsed between the time plaintiff gave the corporation oral notice of crop loss and the commencement of suit and where no formal claim was ever filed. In the case at bar the plaintiff substantially complied with the filing requirements of the contract. There is no dispute here as to the amount of crop damage for 1966. The Court believes a requirement of reasonableness must be read into the language of Section 8(c). The defendant must show there is a reasonable connection between plaintiff's failure to hew strictly to procedural requirements and the ultimate prejudice to the corporation. In this case the defendant has failed to meet this burden; it has failed, in fact, to show that it was prejudiced at all. And by shifting its position from the procedural ground of untimely filing to the substantive one of unilaterally cancelling the insurance because of improper formation of the contract, the defendant waived its right to argue the procedural point at all. See, Bartley v. National Business Men's Association, 109 Ohio St. 585, 143 N.E. 386 (1924); Hartford Accident & Indemnity Company v. Randall, 125 Ohio St. 581, 183 N.E. 433 (1932); Ranallo v. Hinman Bros. Const. Co., 49 F.Supp. 920 (N.D.Ohio E.D.1942), aff'd 135 F.2d 921 (6th Cir. 1943), cert. den. 320 U.S. 745, 64 S.Ct. 47, 88 L.Ed. 442 (1943); also see Scottish Union & National Ins. Co. v. Bejcy, 201 F.2d 163 (6th Cir. 1953); Mapes Casino, Inc. v. Maryland Casualty Company, 290 F.Supp. 186 (D. Nev.1968); Booth v. Seaboard Fire & Marine Insurance Company, 285 F.Supp. 920 (D.Neb.1968).

The defendant finally asserts that this court is without jurisdiction to

---

3. Section 8(c) of the crop contract provides that: "The corporation reserves the right to reject any claim for loss if any of the requirements of this section are not met if it determines that it has been prejudiced by such failure."

decide the question of liability for the 1967 crop loss because plaintiff never filed any claim for the losses of that year as required by 7 U.S.C.A. § 1508(c).[4] The simple answer to this position is to note that the statute is addressed to the situation where the F.C. I.C. rejects claims for damages made pursuant to an insurance contract. The statute does not contemplate the wrongful, unilateral voiding of a crop insurance by the corporation. It does not contemplate situations where the contract under which the claim must be filed is declared by the corporation to be invalid as a matter of law. The Court holds that plaintiff was not required to submit a proof of claim for crop losses sustained during 1967 once the crop insurance contract had wrongfully been declared null and void by the defendant. See, Ranallo v. Hinman Bros. Const. Co., *supra*.

Wherefore, the Court holds that plaintiff's motion for summary judgment is meritorious and it is hereby granted; and that defendant is liable to plaintiff for the full amount of damages to plaintiff's crops during crop years 1966 and 1967. Plaintiff is entitled to judgment of $1,871.88 for crop losses sustained during 1966.

The parties are directed to confer as to the amount of damages sustained during 1967 and submit a form of judgment within ten (10) days of the entry of this Order. If the parties are unable to agree, a hearing shall be held at the earliest possible time and evidence shall be admitted solely to determine the amount of damages suffered by plaintiff during crop year 1967.

It is so ordered.

---

4. Title 7, U.S.C.A. § 1508(c) provides in part that:
   In the event that any claim for indemnity under the provisions of this chapter is denied by the Corporation, an action on such claim may be brought against the Corporation in the United States district court * * * and jurisdiction is conferred upon such district courts to determine such controversies without regard to the amount in controversy: *Provided*, That no suit on such claim shall be allowed under this section unless the same shall have been brought within one year after the date when notice of denial of the claim is mailed to and received by the claimant.