805 F.2d 1036
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth SHANKLIN, Jr., Plaintiff-Appellant,
v.
FEDERAL CROP INSURANCE CORPORATION, Defendant-Appellee.
 No. 85-5878.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1986.
 
 Before WELLFORD and MILBURN, Circuit Judges, and DeMASCIO*, District Judge.
 PER CURIAM.
 
 
 1
 Appellant, Kenneth Shanklin appeals a district court order granting summary judgment in favor of appellee, the Federal Crop Insurance Corporation (FCIC). Appellant brought this action under 7 U.S.C. Sec. 1508(c) seeking recovery for production losses in his 1981 soybean crop. The district court found that appellant failed to file a timely proof of loss and granted summary judgment without requiring the FCIC to demonstrate that it was prejudiced by the late notice.
 
 
 2
 Appellant is a farmer in Todd County, Kentucky. In February 1981, appellant entered into a contract for crop insurance with the FCIC. The policy covered his 1981 soybean units # 4, # 5, # 6, and # 7 against loss from a variety of causes, including drought. Paragraph 7 of the insurance contract contained the following provisions regarding notice of damage or loss:
 
 
 3
 (a) Any notice of damage or loss shall be given promptly in writing by the insured to the Corporation at the office for the county.
 
 
 4
 (b) Notice shall be given promptly if (1) after June 1 the insured wants the consent of the Corporation to replant acreage ... or (3) the insured wants the consent of the Corporation to put the acreage to another use. No insured acreage shall be put to another use until the Corporation has made an appraisal of the potential production of such acreage and consents in writing to such other use.
 
 
 5
 (c) In addition to the notices required in subsection (b) of this section, if an indemnity is to be claimed on any unit, the insured shall give written notice thereof to the Corporation at the office for the county not later than 30 days after the earliest of (1) the date harvest is completed on the unit, (2) the calendar date for the end of the insurance period, or (3) the date the entire soybean crop on the unit is destroyed, as determined by the Corporation. The Corporation reserves the right to provide additional time if it determines there are extenuating circumstances.
 
 
 6
 * * *
 
 
 7
 (f) The Corporation may reject any claim for indemnity if any of the requirements of this section are not met.
 
 
 8
 (Emphasis in original.) Paragraph 8 of the policy provides:
 
 
 9
 (a) It shall be a condition precedent to the payment of any indemnity that the insured (1) establish the total production of soybeans on the unit and that any loss of production was directly caused by one or more of the insured causes during the insurance period for the crop year for which the indemnity is claimed and (2) furnish any other information regarding the manner and extent of loss as may be required by the Corporation.
 
 
 10
 Finally, Paragraph 5 of the Appendix to the policy states:
 
 
 11
 (g) The Corporation reserves the right to reject any claim for indemnity if any of the requirements of this section or section 8 of the policy are not met and the Corporation determines that the amount of loss cannot be satisfactorily determined.
 
 
 12
 Appellant's grain, including the units in question here, was harvested in early November 1981. The soybeans were stored for approximately three weeks and were sold on November 23, 1981. Upon receipt of the grain tickets, which reflected the number of bushels yielded from each insured unit, appellant discovered a production loss, especially in units 4 and 5. Appellant did not notify the FCIC of his claim for a loss until early March 1982. After receiving notice, the FCIC sent an adjuster, Mr. Timothy Tatum, to inspect the fields. Tatum submitted a report on March 26, 1982, which noted appellant's reasons for failing to timely report his loss, and stated that such failure did not affect his ability to determine the amount of production or work the loss. Tatum's supervisor, Mr. Louie Moore, reviewed Tatum's report and apparently reinspected the fields the following week. Moore noted that on the date of his inspection, all but 35 acres of unit 4 had been turned or seeded to wheat and all acreage on unit 5 had been turned.
 
 
 13
 By letter, dated April 7, 1982, the FCIC denied appellant's claim due to the untimely notice. The FCIC Regional Director, Mr. Bruce Joyner, testified in his deposition that the claim was denied for three reasons. First, appellant failed to file his claim promptly. Second, appellant put his land to another use before the FCIC had a chance to inspect it. (Joyner explained that the inspection was necessary before turning or replanting in order for the FCIC to determine the amount of the loss and whether the loss was due to an insured cause.) Third, appellant failed to file a proof of loss within 30 days of the harvest. Each of these grounds was based upon specific requirements in the policy. These requirements are also stated in identical language in the regulations upon which the policy was based. The regulations applicable to appellant's crops are set forth in 7 C.F.R., part 431 (1980 Edition, applicable to the 1980 and succeeding crop years).
 
 
 14
 It is apparent from the face of the policy that appellant's claim was properly denied under paragraph 7, which states, "[t]he Corporation may reject any claim for indemnity if any of the requirements of this section are not met." Appellant does not dispute that he failed to meet, not one, but three of the requirements of paragraph 7. Instead, he argues that the language of paragraph 5(g) of the appendix to the policy imposes a requirement that the FCIC show prejudice. Paragraph 5(g), however, clearly limits its application to situations where "the requirements of this section or section 8 of the policy are not met," and thus does not modify paragraph 7. The FCIC was not under any obligation, therefore, to determine that the amounts of loss could not be satisfactorily determined, although it did make such a determination.
 
 
 15
 Appellant urges the court to read the permissive "may reject" language of the contract liberally to imply a requirement that the FCIC show prejudice. Courts have consistently held, however, that the requirements of these insurance contracts should be strictly enforced. See, e.g., Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380, 385 (1947) (regulations "were binding on all who sought to come within the Federal Crop Insurance Act, regardless of actual knowledge of what is in the Regulations or of the hardship resulting from innocent ignorance."); Mock v. United States, 183 F.2d 174 (10th Cir.1950) (plaintiff not excused from 60-day deadline for filing proof of loss under crop insurance policy, even where district adjustor and county administrator had instructed him to wait); Felder v. Felder Crop Insurance Corp., 146 F.2d 638 (4th Cir.1944) (failure to file proof of loss within 30 days is absolute bar to recovery); Byrne v. Federal Crop Insurance Corp., 289 F.Supp. 873 (D.Minn.1968) (claim denied when not timely filed, regardless of hardship to insured); United States v. Blackburn, 109 F.Supp. 319, 321 (E.D.Mo.1952) (even if recovery might be had from private insurance company under same circumstances, where the government is a party the regulations must be strictly complied with).
 
 
 16
 Appellant's reliance on Knisely v. Federal Crop Insurance Corp., 334 F.Supp. 425 (S.D.Ohio 1971), is misplaced. In Knisely, the court expressly distinguished its facts from Mock, Felder, Byrne and Blackburn, stating that the FCIC had waived its right to reject for failure to file a timely proof of loss by declaring the entire contract void. There was no allegation or evidence of a waiver in the instant case. Cohen v. Federal Insurance Administration, 565 F.Supp. 823 (E.D.N.Y.1983) is similarly inapposite. Appellant alone was responsible for the failure to timely file a proof of loss. In addition, appellant, unlike the plaintiff in Cohen, did not provide timely oral proof of loss.
 
 
 17
 Even if the FCIC were bound by the prejudice standard of paragraph 5(g), or any reasonableness standard imposed by the court, it has "determined that the amount of loss cannot be satisfactorily determined." Appellant was never given notice of any contrary decision, nor did the FCIC make one. Tatum's statement that he had no trouble adjusting the loss was not in any way a final determination of the FCIC but was subject to review, and upon review was found to be erroneous. Even under appellant's own theory of the case, therefore, summary judgment was properly granted.
 
 
 18
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 Hon. Robert E. DeMascio, United States District Judge, Eastern District of Michigan