Bill SPRATLIN, a/k/a William G. Spratlin and Anne W. Spratlin, Plaintiffs,

v.

**FEDERAL CROP INSURANCE CORPORATION, Defendant.**

**No. H–C–85–142.**

United States District Court,
E.D. Arkansas, E.D.

June 16, 1987.

Gregory Hopkins, Little Rock, Ark., for plaintiffs.

Fletcher Jackson, Asst. U.S. Atty., Little Rock, Ark., for defendant.

## MEMORANDUM AND ORDER

HENRY WOODS, District Judge.

Pending now is the motion for summary judgment of the defendant, the Federal Crop Insurance Corporation (FCIC), against the plaintiff, William G. Spratlin. For the reasons that follow the FCIC's motion is granted.

The plaintiff, an insured of the FCIC, suffered a partial loss of his 1982 soybean crop for which he claims indemnity under his policy of crop insurance. The FCIC denies liability claiming that the plaintiff did not submit a timely written notice of loss as required by the terms of the policy.[1] This suit was originally commenced as an adversary proceeding within a Chapter 11 Bankruptcy, No. HE–83–43F, AP 84–83, and was transferred to this court upon the plaintiff's motion made pursuant to 7 U.S.C. § 1508(d).

Under the relevant provisions of the plaintiff's crop insurance policy, the FCIC was required to indemnify the plaintiff only if written notice of loss was received not later than thirty (30) days following the end of the insurance period for Arkansas[2] which terminated on December 20, 1982.[3] Written notice of loss was not received, however, until February 9, 1983—more than thirty (30) days following the end of the insurance period. (Affidavit of Robert Fenton with attached letter from Agent Jim Doyle; Claim for Indemnity form marked Exhibit "B").

The plaintiff does not contend that the FCIC was timely notified of the loss in writing but instead submits the affidavit of his wife, Anne Spratlin, which states that she "personally notified Doyle & Co. in Marianna, Arkansas" in mid-December of 1982. The plaintiffs' argument is that the FCIC had notice of the loss, that the FCIC paid other claims which were untimely filed and, therefore, the FCIC waived strict compliance with the contractual terms of the policy. (Complaint, paragraphs 6, 7). Because it is undisputed that a timely written notice of loss was not submitted as required by the policy, the plaintiff's waiver claim must state a valid legal theory for

1. Paragraph 7(c) of the policy provides:
   7. NOTICE OF DAMAGE OR LOSS. (a) Any notice of damage or loss shall be given promptly in writing by the insured to the Corporation at the office for the county.
   . . . .
   (c) In addition to the notices required in subsection (b) of this section, if an indemnity is to be claimed on any unit, the insured shall give written notice thereof to the Corporation at the office for the county not later than 30 days after the earliest of (1) the date harvest is completed on the unit, (2) the calendar date for the end of the insurance period, or (3) the date the entire soybean crop on the unit is destroyed, as determined by the Corporation. The Corporation reserves the right to provide additional time if it determines there are extenuating circumstances.

2. See Id., paragraph 7(c)(2).

3. Paragraph 6 of the policy provides:
   6. INSURANCE PERIOD. Insurance on insured acreage shall attach at the time the soybeans are planted and shall cease upon the earliest of (a) final adjustment of a loss, (b) combining, threshing, or removal of the soybeans from the field, (c) total destruction of the insured soybean crop, or (d) the date below of the calendar year in which soybeans are normally harvested:
   Alabama, Arkansas, Florida, Georgia, Louisiana, Mississippi, North Carolina, South Carolina, and Virginia.....December 20

recovery in order to preclude summary judgment. It does not.

■ The terms of the insurance contract which prescribe how and when notice of loss must be filed are clear and unambiguous. Moreover, subsection "f" of paragraph 7 provides that the FCIC may reject any claim for indemnity if those terms are not complied with; and the introductory paragraph of the insurance policy states that no term or condition of the policy shall be waived or changed except in writing by a duly authorized representative of the FCIC. No such written authorization has been alleged.

■ Generally, an insurer is deemed to have waived the right to demand proof of loss by engaging in conduct that would lead the insured to reasonably believe that it need not be filed. However, if the insurer is an agency of the United States, the usual waiver doctrine does not apply and the courts have generally denied recovery to claimants who fail to file a proof of loss.[4] *Williamsburgh Doll & Novelty Corp., Inc. v. Giuffrida*, 560 F.Supp. 84 (E.D.N.Y.1982); *Felder v. Federal Crop Insurance Corp.*, 146 F.2d 638 (4th Cir. 1944); *Mock v. United States*, 183 F.2d 174 (10th Cir.1950); *United States v. Blackburn*, 109 F.Supp. 319 (E.D.Mo.1952); *Byrne v. Federal Crop Insurance Corp.*, 289 F.Supp. 873 (D.Minn.1968). Equally damaging to the plaintiff, the applicable notice of loss provisions were published at ·7 C.F.R. § 431.7 in addition to being printed in the insurance policy. Once published, the plaintiff was charged with legal notice of these rules and regulations regardless of the hardship resulting from innocent ignorance. *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380, 385, 68 S.Ct. 1, 3–4, 92 L.Ed. 10 (1947). The rule, harsh as it may sound, is that when one deals with the government, he is expected to know the law and may not rely on the conduct of government agents contrary to law. *Heckler v. Community Health Services*, 467 U.S. 51, 63, 104 S.Ct. 2218, 2225, 81 L.Ed.2d 42 (1984) (*citing Merrill*, 332 U.S. at 384, 68 S.Ct. at 3).

Accordingly, the court finds that the FCIC did not waive the notice provisions of the insurance policy and that the plaintiff did not comply with same. There being no genuine issues of material fact in dispute, the court finds further that the defendant is entitled to judgment as a matter of law and that the plaintiff's complaint should be, and is hereby dismissed with prejudice.

---

**4.** A very narrow exception to this rule has evolved in the Eighth Circuit which allows the doctrine of equitable estoppel to be asserted against the government when the government has engaged in "affirmative misconduct." *See United States v. Manning*, 787 F.2d 431, 436 (8th Cir.1986); *Green v. United States Dept. of Labor*, 775 F.2d 964, 970 (8th Cir.1985); *McDermott v. United States*, 760 F.2d 879, 882 (8th Cir.1985). However, since neither the traditional elements of estoppel nor affirmative misconduct have been alleged, the court need not address this exception.