**LaVerta HARPER, Individually and t/d/b/a LaVerta's Beauty Salon, Inc., Plaintiff,**

v.

**NATIONAL FLOOD INSURERS ASSOCIATION, Defendant.**

**Civ. A. No. 78–0577.**

United States District Court, M. D. Pennsylvania.

June 19, 1981.

Clifford A. Rieders, Stuart, Murphy, Smith, Mussina, Harris & Rieders, Williamsport, Pa., for plaintiff.

Stephen E. Hart, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM

RAMBO, District Judge.

This action was initiated when plaintiff filed a complaint in the Court of Common Pleas of Lycoming County, Pennsylvania on April 28, 1978, in which she alleged the defendant had wrongfully denied insurance coverage for damage to a waterproofing membrane caused by a flood in September, 1975. The case was removed to this court pursuant to 28 U.S.C. §§ 1441(b) and 1442(a)(1). Plaintiff's motion to remand was denied by this court on July 18, 1980, 494 F.Supp. 234, as was defendant's motion to dismiss. Presently before the court is defendant's motion to dismiss or in the alternative, for summary judgment.[1]

In its motion, defendant first alleges that plaintiff's action is time barred. Defendant argues that the Standard Flood Insurance Policy (SFIP), which is consistent with the mandates of 42 U.S.C. §§ 4053[2] and 4072,[3] requires the insured to bring suit within twelve months of the notice of disallowance or partial disallowance.[4] Further, the one

1. Since material outside the pleadings have been considered (i. e. affidavit by Merten), the court will treat this as a motion for summary judgment.

2. 42 U.S.C. § 4053, which establishes the guidelines for payment of claims in the industry program with federal financial assistance, provides in pertinent part:

> [U]pon the disallowance by any such company or other insurer of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, *within one year after the date of mailing of notice of disallowance or partial disallowance of the claim*, may institute an action on such claim against such company or other insurer in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy. (Emphasis added)

3. 42 U.S.C. § 4072, which establishes the procedure for payment of claims in the government program with industry assistance, provides in pertinent part:

> [U]pon the disallowance by the Secretary of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, *within one year after the date of mailing of notice of disallowance or partial disallowance by the Secretary*, may institute an action against the Secretary on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy. (Emphasis added)

4. Paragraph T of the SFIP, under the "General Conditions and Provisions" section provides:

> *Action Against the Company*—No suit or action on this policy for the recovery of any claim shall be sustainable in a court of law or equity unless all the requirements of this policy shall have been complied with, *and unless commenced within 12 months next*

year limitation is contained in the applicable regulation, 44 C.F.R. § 62.22(a).[5]

Defendant also argues that plaintiff did not comply with the terms of the SFIP in that she did not file a written proof of loss claim covering the waterproofing membrane within the sixty day limit.[6]

Plaintiff, in her brief in opposition to defendant's motion to dismiss or for summary judgment, does not directly refute defendant's allegations but contends that the written proof of damage requirement was, in effect, waived by defendant (or its agent) and that defendant should be estopped from claiming the sixty day proof of loss requirement since it has not been raised heretofore. Plaintiff did not address the issue of whether or not the action is time barred by the one year statute of limitations.

The uncontested facts of record indicate that defendants were aware on January 19, 1976 that a claim for the waterproofing was filed or would be filed; that an inspection of the membrane by defendant's agents resulted in the plaintiff being notified on January 20, 1976 that the two estimates of repair of the waterproofing membrane would not be honored; that on April 22, 1976, plaintiff's counsel contacted defendant's agent and was informed that the "claim" for the alleged damage to the waterproofing membrane would be denied; that plaintiff did not file this action until April 28, 1978; and that plaintiff never filed a written proof of loss claim concerning the waterproofing membrane. Based upon these undisputed facts, it is clearly seen that plaintiff did not file a claim within the time prescribed by the statutes, the regulations, and the contract.

Plaintiff obfuscates the issue with her argument regarding estoppel. Plaintiff has not alleged that defendant made representations to the effect that she would not have to comply with the sixty day proof of loss requirement or the one year limitation on initiating suit, nor would the record support such an allegation.

Defendant has cited a plethora of cases standing for the proposition that any waiver of sovereign immunity must be strictly construed and that the one year statute of limitations is to be strictly adhered to. Plaintiff's cases cited as rebuttal are not persuasive to this court. Accordingly, de-

---

*after the date of mailing of notice of disallowance or partial disallowance of the claim.* An action on such claim against the Company may be instituted, without regard to the amount in controversy, in the United States District Court for the district in which the property shall have been situated. (Emphasis added)

5. 44 C.F.R. § 62.22(a), formerly 24 C.F.R. § 1912.22(a) provides:

Upon the disallowance by the Federal Insurance Administration or the servicing agent of any claim on grounds other than failure to file a proof of loss, or upon the refusal of the claimant to accept the amount allowed upon any such claim, after appraisal pursuant to policy provisions, *the claimant within one year after the date of mailing by the Federal Insurance Administration or the servicing agency of the notice of disallowance or partial disallowance of the claim may*, pursuant to 42 U.S.C. § 4053, institute an action on such claim against the Secretary of Housing and Urban Development in the U. S. District Court for the district in which the insured property or the major portion thereof shall have been situated, without regard to the amount in controversy. (Emphasis added)

6. Paragraph O provides in pertinent part:

*Requirements in Case of Loss*—The Insured shall give written notice, as soon as practicable, to this Company of any loss, protect the property from further damage, forthwith separate the damaged and undamaged property and put it in the best possible order. *Within 60 days after the loss, unless such time is extended in writing by this Company, the Insured shall render to this Company a proof of loss, signed and sworn to by the Insured,* stating the knowledge and belief of the Insured as to the following: the time and origin of the loss, the interest of the Insured and of all others in the property, the actual cash value of each item thereof and the amount of loss thereto.... The Insured, at the option of the Company, may be required to furnish a complete inventory of the destroyed, damaged and undamaged, property, showing in detail quantities, costs, actual cash value and amount of loss claimed, and verified plans and specifications of any building, fixtures or machinery destroyed or damaged. (Emphasis added)

fendant's motion for summary judgment will be granted on the basis that plaintiff failed to comply with the sixty day proof of loss requirement and failed to file suit within one year after being notified that her claim with respect to the waterproofing membrane had been rejected by defendant.