PAVONE, INC., Carmen E. Pavone, Sr., and Carmen E. Pavone, Jr.

v.

SECRETARY OF HOUSING AND URBAN DEVELOPMENT.

Civ. No. B–80–29.

United States District Court, D. Connecticut.

Jan. 7, 1982.

 

decision of the magistrate, the Court concludes that summary judgment must be granted for defendant. *See Heyman v. Commerce & Industry Insurance Co.,* 524 F.2d 1317, 1320 (2d Cir. 1975) (standard for granting summary judgment).

John P. Bashar, Bridgeport, Conn., for plaintiffs.

Alan Nevas, U. S. Atty., Barry K. Stevens, Asst. U. S. Atty., Bridgeport, Conn., for defendant.

## RULING ON DEFENDANT'S OBJECTION TO DECISION OF UNITED STATES MAGISTRATE

ELLEN B. BURNS, District Judge.

On September 3, 1981, the United States Magistrate denied defendant's motion for summary judgment made pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. Defendant, Director of the Federal Emergency Management Agency (FEMA), administers the National Flood Insurance Program [1] under which plaintiff Pavone, Inc., lessee of the individual plaintiffs, was issued a Standard Flood Insurance Policy (SFIP) on December 6, 1978. The SFIP provided $80,000 coverage on plaintiffs' building, located at 2428 Main Street, Stratford, Connecticut, and $20,000 coverage on the contents of the building. Plaintiffs allege that the insured property sustained compensable flood damage on January 21, 1979. Defendant, on the other hand, argues that plaintiffs are barred from recovering for failing to comply with a condition precedent in the SFIP. After reviewing the undisputed facts, the relevant law, and the

The SFIP issued to plaintiff corporation plainly requires the insured to submit a "proof of loss" to the insurer within 60 days of the date of the alleged loss. Paragraph O of the General Conditions and Provisions to the SFIP provides:

> The insured shall give written notice, as soon as practicable, to the insurer of any loss, protect the property from further damage, forthwith separate the damaged and undamaged property and put it in the best possible order. Within 60 days after the loss, unless such time is extended in writing by the Insurer, the Insured shall render to the Insurer a proof of loss, signed and sworn to by the insured....

Noncompliance with these requirements bars an insured from recovering, for Paragraph T of the General Conditions and Provisions to the SFIP declares "[n]o suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy have been complied with...." Interpretation of these contract provisions is a matter of federal law, *see United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 726, 99 S.Ct. 1448, 1457, 59 L.Ed.2d 711 (1979); *Federal Crop Insurance Corp. v. Merrill,* 332 U.S. 380, 383, 68 S.Ct. 1, 2, 92 L.Ed. 10 (1947); *United States v. Allegheny County,* 322 U.S. 174, 183, 64 S.Ct. 908, 913, 88 L.Ed. 1209 (1944); *Gement v. Allstate Insurance Co.,* 516 F.Supp. 11, 12 (E.D.La. 1981), and "courts have almost invariably denied recovery where the claimant failed to comply with proof of loss requirements for insurance policies issued under federal programs." *Cross Queen, Inc. v. Director,*

---

1. The NFIP was established in 1968 by the National Flood Insurance Act, 42 U.S.C. §§ 4001 *et seq.* From June 6, 1969, until December 31, 1977, the program was managed by the National Flood Insurers Association, which issued policies, processed claims, and defended legal actions. On January 1, 1978, the Department of Housing and Urban Development took over responsibility for the program pursuant to 42 U.S.C. § 4071. On April 1, 1979, responsibility for management of the program was transferred to FEMA.

516 F.Supp. 806 (D.V.I.1980); *accord, Harper v. National Flood Insurers Association,* 516 F.Supp. 725 (M.D.Pa.1981); *Continental Imports, Inc. v. Macy,* 510 F.Supp. 64 (E.D. Pa.1981).

In the instant case there exists no genuine dispute as to whether plaintiffs submitted a "proof of loss" within the required 60-day period. Although plaintiffs submitted a "notice of loss" on January 22, 1979, mere notice does not satisfy the requirements of the contract. Plaintiffs implicitly admit as much by arguing that the purpose of the proof of loss was served by the notice of loss. Moreover, Attachment 1 to plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment is a proof of loss dated April 5, 1979, beyond the permissible 60-day limit. In sum, there is no genuine issue of fact as to plaintiffs' failure properly to submit a proof of loss to defendant.

Conceding the weakness of its argument that notice of loss is the functional and therefore contractual equivalent of proof of loss, plaintiffs, as a fall back position, argue that defendant waived performance of the condition precedent of timely submission of the proof of loss. Despite the fact that defendant's agent inspected the insured property, accepted documentation from plaintiffs,[2] and even made an offer to settle the claim for damage to the building,[3] as a matter of law plaintiffs' claim of constructive waiver must fail because the unambiguous terms of the contract and controlling federal law explicitly preclude oral waiver or waiver by conduct. Paragraph D of the General Conditions and Provisions to the SFIP states

> The extent of the application of insurance under this policy and of the contribution to be made by the Insurer in case of loss, and any other provision or agreement not inconsistent with the provisions of this policy, may be provided for in writing added hereto, but no provision may be waived except such as by the terms of this policy is subject to change.

> No permission affecting the insurance shall exist, or waiver of any provision be valid, unless granted herein or expressed in writing added hereto. No provision, stipulation or forfeiture shall be held to be waived by any requirement or proceeding on the part of the Insurer relating to appraisal or to any examination provided for herein.

This restrictive contract language comports with NFIP administrative regulations which provide

> The [SFIP] and required endorsements must be used in the Flood Insurance Program and no provision of the said documents shall be altered, varied, or waived other than through the issuance of an appropriate amendatory endorsement, approved by the Administrator as to form and substance for uniform use.

44 C.F.R. § 61.1(13(d)). Thus, there can be no doubt that waiver of the proof of loss requirement can be executed only by a proper written document, not shown to exist in this case. While inability to recover for their flood damage will likely present a hardship to plaintiffs, *see Federal Crop Insurance Corp. v. Merrill, supra* 332 U.S. at 383, 68 S.Ct. at 2, the Court is of the opinion that plaintiffs' failure to submit a proof of loss, coupled with the absence of an effective waiver by defendant of this condition precedent, constitutes a legal bar to this action. Accordingly, the objection to the decision of the magistrate is sustained and defendant's motion for summary judgment is granted.

SO ORDERED.

### APPENDIX

### MOTION FOR SUMMARY JUDGMENT

THOMAS P. SMITH, United States Magistrate.

Pursuant to Rule 56(b) of the Federal Rules for Civil Procedure, Federal defendant herein moves for summary judgment.

---

**2.** Memorandum in Opposition to Defendant's Motion for Summary Judgment, Ex. 8.

**3.** *Id.,* Ex. 9.

9/3/81. DENIED. Defendant makes four arguments in support of this motion. Three of these arguments focus on plaintiffs' November 2, 1979 demolition of the damaged premises. Specifically, defendant contends that by demolishing the premises the plaintiffs breached their contractual duty: (1) to protect the property from further damage after the flood, (2) to exhibit their property to the insurer, and (3) to eschew all deceit and concealment as required by the principle of *uberrimae fidei.* Each of these arguments is a good one, but each involves disputed issues of fact which simply cannot be decided on a motion for summary judgment. *See, e.g., Heyman v. Commerce and Industry Insurance Co.,* 524 F.2d 1317, 1320 (2d Cir. 1975). For example, the trier of fact might well find that during the eleven month period between the flood and the demolition, the defendant not only had a reasonable and adequate opportunity to inspect, but that he did in fact adequately inspect it. Such an inference can be drawn from the fact that defendant made settlement offers prior to the demolition. Arguably, he would not have done so had he not adequately investigated beforehand. Likewise, to the extent defendant asserts that plaintiffs engaged in deceit, concealment or infidelity, he is raising issues which by their very nature are inappropriate for resolution under Rule 56, F.R.Civ.P. *See, e.g., Friedman v. Meyers,* 482 F.2d 435, 439 (2d Cir. 1973); *Mazaleski v. Truesdell,* 562 F.2d 701, 717 (D.C.Cir. 1977); *Handi Investment Co. v. Mobil Oil Corp.,* 550 F.2d 543, 547 (9 Cir. 1977); *Pfizer, Inc. v. International Rectifier Corp.,* 538 F.2d 180, 185 (8 Cir. 1976); *Staren v. American National Bank & Trust Co. of Chicago,* 529 F.2d 1257, 1261–1262 (7 Cir. 1976). Also see, generally, 6 Pt. 2 J. Moore, *Federal Practice* ¶ 56.17[41.–1].

Defendant's remaining argument (*i.e.,* that plaintiffs failed to comply with a condition precedent by failing to submit a "Proof of Loss" as required by Paragraph O of the policy) is far more troublesome and potentially threatening to plaintiffs' case. Unfortunately, defendant has given this argument no special emphasis and, despite its pivotal criticality, has sandwiched it between his other arguments, which, for reasons noted above, simply cannot be resolved on summary judgment.

Plaintiffs in this case contend that they did provide a "Proof of Loss" of sorts by timely submitting various documents and information to defendant. For now, this creates a factual issue sufficient to withstand summary judgment. However, should defendant cease diffusing his resources and undertake concentrated, focused discovery on this narrow issue, upon resubmission of a properly supported Rule 56 motion, he may well be entitled to summary relief. On this record, however, defendant has not sustained his burden.