**WILLIAMSBURGH DOLL & NOVELTY CORP. INC., Plaintiff,**

v.

**Louis O. GIUFFRIDA, Director, Federal Emergency Management Agency, Defendant.**

No. 81 C 1036.

United States District Court, E.D. New York.

May 5, 1982.

Abe H. Konstam, New York City, for plaintiff.

Edward R. Korman, U.S. Atty., Brooklyn (Reuben S. Koolyk, Asst. U.S. Atty., Brooklyn, of counsel), for defendant.

MEMORANDUM AND ORDER

NICKERSON, District Judge.

This is an action to recover on a policy issued under the Federal Crime Insurance Program for losses allegedly sustained in four burglaries of plaintiff's premises between October 1979 and July 1980. Defendant, the Federal Emergency Management Agency (the Agency), refused to pay these claims and on August 8, 1980 cancelled plaintiff's insurance policy retroactively to November 1978.

Defendant moves for summary judgment on two grounds. First, defendant contends that plaintiff did not accurately state its gross receipts for 1977 and 1978 on its insurance renewal applications for 1978–79 and 1979–80 and that the policy was thus properly cancelled retroactively. Second, defendant maintains that plaintiff's failure to submit sworn proofs of loss within sixty days after discovery of each of the burglaries, as required by the policy, bars any recovery. Because the court concludes that plaintiff's failure to make the required filings bars any action for recovery, it is not necessary to reach the issue of misrepresentation.

Plaintiff's policy is subject to the crime insurance provisions of Title VI of the Housing and Urban Development Act of 1970, 12 U.S.C. § 1749bbb–10a *et seq.,* and the regulations issued thereunder, 44 C.F.R. Parts 80–8H. The policy form is prescribed by 44 C.F.R. § 83.26.

The language of the policy is unambiguous. Paragraph 6 imposes a duty on the insured to submit a sworn proof of loss to the Agency within 60 days after the discovery of any loss. This requirement is in addition to the insured's duty promptly to notify the insurer that such a loss has occurred. Paragraph 10 bars a suit against

the insurer until ninety days after the proof of loss has been filed. Paragraph 12 provides that the terms of the policy may be waived only "by endorsement . . . approved by the Federal Insurance Administrator."

■ Plaintiff suggests that the Agency waived these provisions by failing to supply plaintiff with the appropriate forms after receiving notice of the burglaries and by informing plaintiff that the policy had been cancelled retroactively. Generally an insurer is deemed to have waived the right to demand proof of loss by engaging in conduct that would lead the insured reasonably to believe that it need not be filed or denying liability under the policy. *Roberts v. Federal Cop Ins. Program,* 158 F.Supp. 688, 694 (E.D.Wash.), *aff'd,* 260 F.2d 958 (9th Cir.1958). However, if the insurer is an agency of the United States, the usual waiver doctrine does not apply, *id.* at 694–95, and courts have generally denied recovery to claimants who failed to file proof of loss. *Zeil v. Realty Corp., et al. v. Director, Federal Emergency Management Agency,* No. 80 C 6278 (S.D.N.Y. Oct. 30, 1981); *Cross Queen, Inc. v. Director, Federal Emergency Management Agency,* 516 F.Supp. 806, 809 (D.V.I.1980), and the cases cited therein.

■ Accordingly the court concludes that defendant did not waive the proof of loss requirement by its conduct. Since it is undisputed that plaintiff failed to make the requisite filings, defendant's motion for summary judgment must be granted. So ordered.