**Jack H. KLEIN, Plaintiff,**

v.

**Samuel R. PIERCE, Jr., Secretary, United States Department of Housing and Urban Development, Defendant.**

**No. 81 Civ. 7191 (HFW).**

United States District Court,
S.D. New York.

Aug. 16, 1982.

Alfred E. Braun, New York City, for plaintiff.

John S. Martin, Jr., U.S. Atty., S.D.N.Y. by R. Nicholas Gimbel, Asst. U.S. Atty., New York City, for defendant.

## MEMORANDUM DECISION

WERKER, District Judge.

Plaintiff, Jack H. Klein ("Klein"), seeks to recover losses allegedly sustained as a result of a burglary of his apartment on May 9, 1981. Klein's claim arises under a $10,000.00 insurance policy issued by the defendant, Secretary of the United States Department of Housing and Urban Development ("HUD"), pursuant to the National Insurance Development Program and the Federal Crime Insurance Program, 12 U.S.C. § 1749bbb *et seq.* Defendant has refused to compensate plaintiff on the grounds that plaintiff failed to comply with the proof of loss conditions of the insurance contract. The parties cross-move for summary judgment under Fed.R.Civ.P. 56.

In determining whether to grant a motion for summary judgment, "the court cannot try issues of fact; it can only determine whether there are issues to be tried." *American Manufacturers Mutual Insurance Co. v. American Broadcasting-Paramount Theaters, Inc.,* 388 F.2d 272, 279 (2d Cir. 1967). The affidavits and exhibits submitted by the parties "must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *see Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 444–445 (2d Cir.1980). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *Heyman v. Commerce and Industry Insurance Co.,* 524 F.2d 1317, 1320 (2d Cir. 1975). From the stipulations, affidavits, and exhibits of the parties, the court finds that there is no genuine issue of material fact with respect to plaintiff's noncompliance and that, as a matter of law, defendant is entitled to judgment in his favor. Thus, for the reasons that follow, the defendant's motion is granted and the plaintiff's motion is denied.

## FACTS

Klein claims that during the early morning of May 9, 1981, his door lock was picked and $34,000.00 worth of property was stolen from his apartment. On or about May 11, 1981, his insurance broker notified a representative of the Federal Crime Insurance Program of the loss. It is stipulated, however, that Klein did not file a proof of loss for the claim until August 7, 1981. Klein contends that he submitted to the defendant's representative a statement similar to the required proof of loss and, furthermore, he didn't receive the defendant's proof of loss form until after August 1, 1981.

HUD argues that the relevant provisions of the insurance policy are clear. The policy provides that:

Upon knowledge of loss or of an occurrence which may give rise to a claim for loss, the insured shall (a) give notice thereof as soon as practicable to law enforcement authorities and to the Insurer through any of its authorized agents, and (b) file detailed proof of loss, duly sworn to, with the Insurer through its authorized agents within sixty (60) days after the discovery of loss .... (Stipulation, Insurance Policy Condition 4).

The stipulated facts reveal that while plaintiff complied with Condition 4(a) he did not disclose that he failed to file the requisite proof of loss within sixty days.

## DISCUSSION

The insurance contract clearly requires a "detailed proof of loss, duly sworn to ... within sixty (60) days after discovery of loss.". Plaintiff has agreed that he first filed a proof of loss on August 7, 1981, almost a month too late. Unfortunately, this failure to comply compels me to find in defendant's favor.

First, Condition 8 of the contract dictates that "[n]o action shall lie against the Insurer unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this Policy ..." (Stipulation, Insurance Policy Condition 8).

Furthermore, it is "the duty of all courts to observe the conditions defined by Congress for charging the public treasury." *Federal Crop Ins. Corp. v. Merrill,* 332 U.S. 380, 385, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947).

"It is well established that where the insurer is an agency of the United States procedural requirements must be strictly complied with. Applying this rule, the courts have almost invariably denied recovery where the claimants failed to comply with proof of loss requirements found in insurance policies issued under federal programs." *Cross Queen, Inc. v. Director, Fed. Emergency,* 516 F.Supp. 806, 809 (D.V.I. 1980) (citations omitted). Accordingly, strict compliance is required. The facts clearly show plaintiff has failed to satisfy the sixty day prerequisite.

Plaintiff argues that New York State Insurance Law and private insurance companies do not bar recovery in the event of a failure to submit a timely proof of loss.[1] I find this argument unpersuasive. The Federal Crime Insurance Program and the instant insurance policy are governed by the explicit language of Congress and the Department of Housing and Urban Development. State law, no matter how appealing in result, is not determinative. *Federal Crop Ins. Corp. v. Merrill,* 332 U.S. at 383–385, 68 S.Ct. at 2–3.

Plaintiff's contention that his submitted "statement of loss" of May 22, 1981, satisfies the "proof of loss" requirement is also inadequate. HUD's "proof of loss" form contains additional conditions and requires information not found in Klein's "statement of loss".

Finally, the Court can not entertain Klein's allegation that he was unaware that failure to file the proof of loss within sixty days would result in a denial of his claim. 44 C.F.R. § 81.4(a) mandates that "[a]ll purchasers of Federal crime insurance shall be deemed to have knowledge of the terms and conditions of coverage set forth in such policies . . . ."

In conclusion, "[t]he circumstances of this case tempt one to read the [condition] . . . with charitable laxity. But not even the temptations of a hard case can elude the clear meaning of the regulation." *Federal Crop Ins. Corp. v. Merrill,* 332 U.S. at 386, 68 S.Ct. at 4. The law requires strict compliance. There is no doubt that Klein submitted the required proof of loss after the sixty day period had elapsed thus failing to satisfy the procedural requirement. Accordingly, the defendant's motion for summary judgment is granted and plaintiff's cross motion for summary judgment is denied. There being no just cause for delay, defendant is directed to submit an appropriate judgment upon notice within ten days from entry of this order.

SO ORDERED.

---

**1.** New York State Insurance Law § 172 provides, in part:

The failure of any person insured against loss or damage to property under any contract of insurance . . . to furnish proofs of loss to the insurer or insurers as specified in such contract shall not be deemed to invalidate or diminish any claim of such person under such contract, unless such insurer or insurers shall, after such loss or damage, give to such person insured a written notice that it or they desire proofs of loss to be furnished by such person . . . .

(McKinney 1966).