**HAVEMEYER TEXTILE, Plaintiff,**

v.

**FEDERAL INSURANCE ADMINISTRATOR and Federal Emergency Management Agency, Defendants.**

No. CV–82–2026.

United States District Court, E.D. New York.

Jan. 25, 1983.

John Gutman, Brooklyn, N.Y., for plaintiff.

Raymond Dearie, U.S. Atty., E.D.N.Y. by Thomas B. Roberts, Asst. U.S. Atty., Brooklyn, N.Y., for defendants.

## MEMORANDUM AND ORDER

SIFTON, District Judge.

Plaintiff, Havemeyer Textile, commenced this action alleging the defendants issued a federal crime insurance policy insuring plaintiff against burglary, that plaintiff sustained burglary losses at its business premises in Brooklyn on September 8 and October 5, 1981, that plaintiff has complied with the policy claim requirements, and that defendants have refused to adjust plaintiff's losses and have breached the insurance contract. Defendants move for an order pursuant to Rule 56 of the Federal Rules of Civil Procedure granting them summary judgment.

The standard under which a summary judgment motion is tested requires a show-

ing "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Federal Rules of Civil Procedure 56(c). The burden rests on the moving party to demonstrate the lack of a genuine fact issue. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). In its search of the record, the Court should resolve all ambiguities and inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980). "The possibility that a factual issue *may* exist will not defeat the motion[;] rather the party opposing summary judgment must indicate that a genuine dispute as to a material fact *does* exist. Uncertainty as to the true state of any material fact defeats the motion." *United States v. One Tintoretto Painting Entitled "The Family With Saint Catherine And Honored Donor" and Silberberg,* 691 F.2d 603, 606 (2d Cir.1982), citing *Quinn, supra,* 613 F.2d at 445.

For the reasons set forth below, defendants' motion is granted.

It is not disputed that plaintiff was issued a federal crime insurance policy insuring plaintiff's business premises at 164 Havemeyer Street in Brooklyn and that the administration of this policy is the responsibility of the Federal Emergency Management Agency ("FEMA"). Defendants assert that on September 23, 1981, they were notified that plaintiff had been burglarized on September 8, 1981, that on October 26, 1981, they were notified that plaintiff had been burglarized on October 5, 1981, and that claim numbers were assigned to each claim. It is not disputed that on December 14, 1981, plaintiff first sent proof concerning its claimed losses to defendants and that thereafter a claims adjuster was assigned to investigate the validity of the loss claims submitted by plaintiff. Defendants state that the adjuster was unable to verify certain receipts submitted by plaintiffs and that on April 23, 1982, defendants notified plaintiff that its claims were being denied.

Defendants offer two arguments in support of their motion for summary judgment. First, they argue that the terms of plaintiff's insurance policy required plaintiff to submit proof of loss within 60 days of each loss, that plaintiff failed to meet this condition and filed loss claims documents after the 60-day period, and that plaintiff consequently may not recover under the policy. Second, defendants argue that, even if plaintiff's evidence of loss had been timely filed, plaintiff could not recover as a matter of law because plaintiff has failed to verify adequately its losses.

The terms of the federal crime insurance policy under which plaintiff makes its claim are codified at 44 C.F.R. § 83.26, which provides, in pertinent part, as follows:

"6. *Insured's duties when loss occurs.* Upon knowledge of loss or of an occurrence which may give rise to a claim for loss, the insured shall: (a) [g]ive notice thereof as soon as practicable to law enforcement authorities and to the insurer through any of its authorized agents, and (b) file detailed proof of loss, duly sworn to, with the Insurer through its authorized agents within sixty (60) days after the discovery of loss."

. . . .

"10. *Action against insurer.* No action shall lie against the Insurer unless, as a condition precedent thereto, there shall have been compliance with all the terms of this Policy and the applicable regulations of the Federal Insurance Administration, nor until ninety (90) days after the required proofs of loss have been filed with the Insurer . . . ."

Defendants argue that plaintiff failed to comply with condition no. 6 of the policy by failing to file a timely proof of loss for either of its claims and that, accordingly, under policy condition no. 10, plaintiff is not entitled to maintain this action.

"Courts are bound to give effect to terms established by the federal government as a condition precedent to an action against the government when those terms are clear and unambiguous." *Zeil Realty Corp. v. Director, Federal Emergency Management*

*Agency,* No. 80–6278, slip op. at 2 (S.D.N.Y. Nov. 4, 1981), citing *Rock Island, A & LR Co. v. United States,* 254 U.S. 141, 41 S.Ct. 55, 65 L.Ed. 188 (1920); *Federal Crop Insurance Corp. v. Merrill,* 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947). The court in *Zeil Realty* noted that "[a]n insured's failure to comply with a federal insurance policy requirement of submission of a proof of loss has been held to preclude recovery under the policy" and granted summary judgment against the insured. *Id. Accord, Williamsburgh Doll & Novelty Corp., Inc. v. Giuffrida,* No. 81–1036 (E.D.N.Y. May 6, 1982) (Nickerson, J.); *Klein v. Pierce,* 554 F.Supp. 18 (S.D.N.Y.1982) (Werker, J.).

▪ It is undisputed that plaintiff discovered its burglary losses immediately after their alleged occurrence on September 8 and October 5, 1981. It is also undisputed that, while plaintiff gave defendants notice of its alleged losses of September 8 and October 5, 1981, in short order, it was not until on or about December 14, 1981, that plaintiff first sent details concerning its claimed losses to defendants' agents. Assuming *arguendo* that this submission was sufficient to constitute a "detailed proof of loss," as plaintiff asserts, it was nevertheless not filed within 60 days after the discovery of the September 8 or October 5, 1981 losses. Accordingly, plaintiff failed to comply with the express language of condition no. 6 of the insurance policy and is not entitled to maintain this action under condition no. 10 of the policy.

Plaintiff claims that it had no means to comply with the timely proof of loss requirement since defendants' insurance adjuster never stated that a proof of loss was required and never submitted a proof of loss form for plaintiff's signature. A similar argument was raised in *Williamsburgh Doll & Novelty* case before Judge Nickerson, where the insured argued that the FEMA waived the proof of loss requirement by failing to supply the insured with the appropriate forms after receiving notice of burglary losses. Judge Nickerson concluded that the FEMA did not waive the requirement, stating:

"Generally, an insurer is deemed to have waived the right to demand proof of loss by engaging in conduct that would leave the insured reasonably to believe that it need not be filed or denying liability under the policy. *Roberts v. Federal [Crop] Insurance Program,* 158 F.Supp. 688, 694 (E.D.Wash.), *aff'd,* 260 F.2d 958 (9th Cir. 1958). However, if the insurer is an agency of the United States, the usual waiver doctrine does not apply, *id.* at 694–95, and courts have generally denied recovery to claimants who failed to file proof of loss. *Zeil [Realty Corp.] v. Director, [FEMA, supra]; Cross Queen, Inc. v. Director, [FEMA],* 516 F.Supp. 806, 809 (D.V.I.1980), and the cases cited therein."

*Williamsburgh, supra,* at p. 3. Furthermore, condition no. 12 of the insurance policy, as stated in the governing regulations, states:

"Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this Policy or estop the Insurer from asserting any right under the terms of this Policy; nor shall the terms of this Policy be waived or challenged, except by endorsement issued to form a part of this Policy, as approved by the Federal Insurance Administrator."

44 C.F.R. § 83.26(12). No factual basis for waiver by the Federal Insurance Administrator by endorsement of the policy has been raised. Plaintiff argues, however, that it submitted a proof of loss to the adjuster on December 14, 1981, based on the adjuster's "extension and waiver" of the requirement that proof of loss be submitted within sixty days and that this "extension and waiver," as well as the adjuster's continued investigation of plaintiff's claimed losses beyond the 60-day period, estops defendants from raising the timely proof of loss requirement as a defense to liability on the insurance policy. As proof of this "extension and waiver," plaintiff has submitted a letter dated December 14, 1981, the authenticity of which defendants do not contest, from the adjuster to plaintiff taking note of the 60-day filing requirement, the fact that no documentation of losses had been filed and that, in order for the adjuster to comply with the requirements of the crime insurance policy, "we are writing to

advise you that if the claim and documentation thereof are not provided within fifteen days, we will close our file." Plaintiff asserts that it immediately filed detailed proof of its loss with the adjuster.

■ This argument is unavailing. Even if the adjuster was defendants' agent for some purposes, he was not authorized to waive conditions of the insurance policy under condition no. 12, cited *supra,* thereof. Since he was not authorized to waive the timely proof of loss requirement, any actions he may have taken could not bind defendants, since only representations by authorized agents can bind the United States. *Doe v. Civiletti,* 635 F.2d 88, 96 (2d Cir.1980); *Goldberg v. Weinberger,* 546 F.2d 477, 479 (2d Cir.1976), cert. denied 431 U.S. 937, 97 S.Ct. 2648, 53 L.Ed.2d 255 (1977). While the United States may be estopped by the representations of its unauthorized agents when they are guilty of "affirmative misconduct," *Schweiker v. Hansen,* 450 U.S. 785, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981) (*per curiam*); *United States v. RePass,* 688 F.2d 154, 158 (2d Cir.1982), no such "affirmative misconduct" is shown here. *See Pratte v. NLRB,* 683 F.2d 1038, 1041 (7th Cir.1982); *TRW, Inc. v. Federal Trade Commission,* 647 F.2d 942, 950–51 (9th Cir.1981) (elements of "affirmative misconduct" estoppel). Given the terms of 44 C.F.R. § 81.4, which provides that all federal crime insurance purchasers shall be deemed to have knowledge of the terms and conditions of their policies, plaintiff cannot assert that it believed that the adjuster's letter waived the timely proof of loss requirement in light of condition no. 12 of the policy. Moreover, the letter was sent after the 60-day period had already expired for both of plaintiff's claims. Upon receiving the letter, plaintiff was in the same position of default in which it had been previously. Accordingly, plaintiff cannot assert that it reasonably relied on that letter to its injury.

■ Plaintiff has also suggested that failure to timely file a proof of loss is excused by N.Y. Insurance Law § 172(1), which provides:

"The failure of any person insured against loss or damage to property under any contract of insurance, hereafter issued or delivered in this state or covering property located in this state, to furnish proofs of loss to the insurer or insurers as specified in such contract shall not be deemed to invalidate or diminish any claim of such person under such contract, unless such insurer or insurers shall, after such loss or damage, give to such person insured a written notice that it or they desire proofs of loss to be furnished by such person to such insurer or insurers and also a suitable blank form or forms for such proofs of loss. If the person insured shall furnish proofs of loss within sixty days after the receipt of such notice and such form or forms, or within any longer period of time specified in such notice, such person shall be deemed to have complied with the provisions of such contract of insurance relating to the time within which proofs of loss are required. Neither the giving of such notice nor the furnishing of such blank form or forms by the insurer shall constitute a waiver of any stipulation or condition of such contract, or an admission of liability thereunder."

The identical argument was raised in *Klein v. Pierce, supra,* in connection with an insurance policy issued by the U.S. Department of Housing & Urban Development under the Federal Crime Insurance Program. Judge Werker rejected this argument stating:

"The Federal Crime Insurance Program and the instant insurance policy are governed by the explicit language of Congress and the Department of Housing and Urban Development. State law, no matter how appealing in result, is not determinative."

*Klein v. Pierce, supra,* at p. 20, citing *Federal Crop Ins. Corp. v. Merrill, supra* 332 U.S. at 383–85, 68 S.Ct. at 2–3. Furthermore, 44 C.F.R. § 80.3(b) explicitly provides:

"No Federal crime insurance policy issued by or on behalf of the insurer shall be subject to any State or local tax or insurance law or regulation...."

*See also Fenton v. Federal Insurance Administrator,* 633 F.2d 1119, 1122 (5th Cir. 1981).

Finally, plaintiff's suggestion that it was unaware that failure to file the proof of loss within 60 days would result in a denial of his claim is unavailing since § 81.4(a) of 44 C.F.R. provides that "[a]ll purchasers of Federal crime insurance shall be deemed to have knowledge of the terms and conditions of coverage set forth in such policies...." *Klein v. Pierce, supra,* at p. 20.

Accordingly, since it is undisputed that plaintiff did not file duly sworn, detailed proofs of loss with its insurer within sixty days after the discovery of such losses in accordance with condition no. 6 of its insurance policy, no genuine dispute as to a material fact exists, and defendants are entitled to judgment as a matter of law.

The Clerk is directed to enter judgment dismissing the complaint and to mail a copy of the within to all parties.

SO ORDERED.