**VICTORIA CAMERA, INC., Plaintiff,**

v.

**Louis O. GUIFFRIDA, Director, Federal Emergency Management Agency, Defendant.**

**No. 82 Civ. 6611(MP).**

United States District Court, S.D. New York.

June 29, 1983.

---

Ballon Stoll & Itzier by Phillip Rogers, New York City, for plaintiff.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. by Denny Chin, Nicholas Gimbel, New York City, for defendant.

### Decision and Opinion
MILTON POLLACK, District Judge:

This action was commenced by Victoria Camera, a corporation no longer actively in business, against the Director of the Federal Emergency Management Agency, ["FEMA"], pursuant to 12 U.S.C. § 1749bbb–11. Plaintiff seeks to recover for four alleged burglary losses covered by federal crime insurance policies. Plaintiff herein claims for losses that occurred at its storeroom facilities at 1545 Broadway, New York, New York, on October 6, October 16, December 20, 1980 and March 23, 1981. The plaintiff claims $15,000, the policy limit, on each of the claims. Defendant FEMA has refused to pay these claims. Plaintiff, however, has received payment of $60,000 in connection with four other burglaries that it claimed for from the defendant.

This case was tried to the Court. For reasons appearing below, the Court finds that the plaintiff is not entitled to any recovery and the complaint is accordingly dismissed in all respects.

### The Federal Crime Insurance Policies

The terms of the insurance policies under which the plaintiff claims are set forth in 24 C.F.R. § 1933.26 (1979). These Regulations provide in part:

> *Insured's duties when loss occurs.* Upon knowledge or discovery of loss or of an occurrence which may give rise to a claim for loss, the insured shall: (a) Give notice thereof as soon as practicable to law enforcement authorities and to the insurer through any of its authorized agents, and (b) file detailed proof of loss, duly sworn to, with the insurer through its authorized agents *within sixty (60) days after the discovery* of loss.

24 C.F.R. § 1933.26(6) (emphasis added).

> *Books and Records.* The insured shall keep records of all the insured property in such manner that the Insurer can accurately determine therefrom the amount of loss . . .

24 C.F.R. § 1933.26(4).

The defendant asserts that the plaintiff is not entitled to recover under its policies as it failed to comply with the requirement that sworn proof of loss be filed within 60 days, as it did not keep adequate records from which the amount of the losses could be accurately determined, and as plaintiff knowingly included false information on its claims.

*The Claims Were Not Timely Made*

■ The following table indicates the dates on which the plaintiff signed the required proof of loss forms:

| Date of Burglary | Date Proof of Loss Signed |
| --- | --- |
| October 6, 1980 | March 13, 1981 |
| October 16, 1980 | March 13, 1981 |
| December 20, 1980 | April 13, 1981 |
| March 23, 1981 | September 3, 1981 |

Clearly, the proof of loss forms were executed substantially more than 60 days after the plaintiff discovered the losses.[1] The action against FEMA is thus barred.

The regulations provide that:

No action shall lie against the Insurer unless, as a condition precedent thereto, there shall have been compliance with all the terms of this Policy and the applicable regulations of the Federal Insurance Administration...

24 C.F.R. § 1933.26(10).

Clearly, plaintiff here has failed to comply with the sixty day filing requirement and this regulation thus bars the action against FEMA for the losses.

Plaintiff suggests that FEMA has waived this requirement by failing to timely supply the appropriate forms for reporting the burglaries. This argument is wholly without merit. The plaintiff's own witness testified that the reason that the plaintiff did not receive the forms until shortly before the plaintiff signed them was that the plaintiff had delayed in filing the necessary documentary proof in support of its claims.

In addition, there was testimony by the plaintiff's insurance broker that he was aware of the procedure by which the necessary forms could be obtained.

■ It is well-settled law that the general doctrines of waiver and estoppel against insurers are not applicable where the insurer is an agency of the United States. *Federal Crop Insurance Corp. v. Merrill,* 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947). Waiver does not apply when the insurer is an agent of the United States. *Williamsburgh Doll & Novelty Corp. v. Guiffrida,* 560 F.Supp. 84 (E.D.N.Y.1982).[2]

■ Estoppel has only a limited scope in such cases. The agency may be estopped only in extreme circumstances where the agent of the United States makes a representation that amounts to affirmative misconduct, or when the insurer has made a partial payment on the claim and is aware of all the information that a proof of loss form would contain before the sixty-day period elapses. *A.B.K. Men's Clothing, Inc. v. Federal Insurance Administrator,* 82 Civ. 1610, Slip op. at 3–4 (E.D.N.Y.1983). In this case, there is no evidence of any affirmative misconduct nor any evidence that the defendant was aware of all the necessary information within the sixty day period. To the contrary, the reason that the forms were not sent out was the failure of the plaintiff to supply the defendant with the information and what was given came to the adjuster long after the sixty days had expired.

*Plaintiff Has Failed to Prove the Amount of its Losses*

■ Even if the plaintiff's claims were not time barred, the plaintiff would fail to recover as it has completely failed to prove the amount of its loss. Plaintiff cannot establish what the levels of inventory were and thus cannot show the amount of the goods stolen. Plaintiff did not keep any direct records of inventory. It could only estimate its inventory by determining sales from the deposits that it made in its bank accounts. However, all proceeds of sales did not go into the bank accounts as the employees and the owner were all paid in cash. Plaintiff did not maintain any sales journals or sales records. The unreliability of the plaintiff's estimates of its losses is indicated by the fact that the plaintiff's accountant testified that he merely estimated the level of the plaintiff's inventory.

1. Plaintiff was notified by its protection service immediately that the burglaries occurred.

2. In addition, paragraph 12 of the policy provides that terms can only be waived or changed by endorsement issued to form a part of the policy, as approved by the Federal Insurance Administration.

Thus, the level of opening and the level of closing inventory on plaintiff's 1981 corporate income tax form were the same. This form of speculation is inadequate to allow the plaintiff to satisfy its burden of proof in this case. In addition, not only was the record keeping unreliable, but the Court has resolved all issues of credibility against the plaintiff.

The overwhelming testimony of Mr. Klein, the accountant called to testify by the government, demonstrates that the plaintiff's own books and records indicate that no losses occurred. This testimony indicates how unreliable and untrustworthy plaintiff's claims of loss are.

*Conclusion*

As plaintiff fails completely to prove the fact and value of any losses it may have sustained and as plaintiff failed to comply with the requirement that the proof of loss forms be filed within sixty days of knowledge of each loss, the complaint is in all respects dismissed, with costs.

SO ORDERED.