## FINE WEAR MANUFACTURING CO., INC., Plaintiff,

v.

## Louis A. GIUFFRIDA, Director of The Federal Emergency Management Agency, Defendant.

### No. CV 83–2344.

United States District Court, E.D. New York.

Feb. 7, 1984.

Weg, Myers & Jacobson, P.C., New York City, for plaintiff.

Raymond J. Dearie, U.S. Atty., by William B. Peterson, Asst. U.S. Atty., Brooklyn, New York, for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff brings this action for recovery of an unpaid claim made under a Commercial Crime Insurance Policy (Defendant's Exhibit A) issued under the Federal Crime Insurance Program. Defendant now moves for summary judgment pursuant to Rule 56(b), Fed.R.Civ.P., on the ground that plaintiff failed to file a sworn proof of

loss statement within sixty days of the discovery of the loss, as required by Condition No. 6(b)[1] of the policy, which is contained in 44 C.F.R. Section 83.26. Defendant maintains that this omission bars plaintiff from recovery under Condition No. 10 of the policy.[2] Plaintiff opposes the motion for summary judgment, asserting that it substantially complied with the proof of loss requirement and therefore should not be barred from recovering on its civil action.

## FACTS

On August 30, 1981, the plaintiff, a manufacturer, was burglarized and inventory stolen. Thereafter, plaintiff claimed a burglary loss of $15,000.00, the limit of the policy. On October 22, 1982, the claim was disallowed for failure to substantiate sales figures. (Plaintiff's Exhibit A). Defendant now asserts that plaintiff never filed the proof of loss statement. (Affidavit of Suzanne Woods, FIA Claims Examiner). While not directly contesting defendant's assertion, plaintiff contends that a notice of loss form (Plaintiff's Exhibit B) and documents, including tax returns, payroll records, invoices, shipping forms, a "Burglary Loss Analysis" sheet (Plaintiff's Exhibit C), and a typed sheet calculating inventory loss, constitute the substantial equivalent of a proof of loss statement. It is not for the Court to resolve issues of fact at the summary judgment stage, *Lignos v. United States*, 439 F.2d 1365, 1369 (2d Cir.1971), however, the Court concludes there is no genuine factual dispute here. The particular government form called a proof of loss statement has never been filed by plaintiff. The issue before this Court is whether as a matter of law the documents filed by the plaintiff are an adequate substitute and will overcome the bar to recovery presented by the government.

## DISCUSSION

The Court is bound to give effect to the terms established by the government as conditions precedent to an action against the federal government where those terms are clear and unambiguous. *Zeil Realty Corp. v. Director, Federal Emergency Management Agency*, No. 80–6278, slip op. at 2 (S.D.N.Y. Nov. 4, 1981), 1982 Fire & Casualty Cas. (CCH) 253. By the explicit terms of plaintiff's policy, failure to comply with the conditions precludes recovery. *Klein v. Pierce*, 554 F.Supp. 18, 20 (S.D.N.Y.1982). Accordingly, as a general rule the courts deny recovery to claimants who fail to file proof of loss statements within the sixty day period. *E.g., Havemeyer Textile v. Federal Insurance Administrator*, 559 F.Supp. 956 (E.D.N.Y.1983); *Klein v. Pierce*, 554 F.Supp. 18; *Williamsburgh Doll & Novelty Corp., Inc. v. Giuffrida*, No. 81–1036, slip op. (E.D.N.Y. May 6, 1982); *Ziel Realty Corp. v. Director, Federal Emergency Management Agency*, 1982 Fire & Casualty Cas. 253.

A narrow exception to this rule exists, however. In *Meister Brothers, Inc. v. Macy*, 674 F.2d 1174 (7th Cir.1982), and *Dempsey v. Director, Federal Emergency Management Agency*, 549 F.Supp. 1334 (E.D.Ark.1982), the courts carved out a very limited factual basis for refusing to bar recovery for failure to timely file a proof of loss statement. Both cases specifically restrict their reasoning and holdings

---

**1.** *Condition No. 6 Insured duties when loss occurs.* Upon knowledge of loss or of an occurrence which may give rise to a claim for loss, the insured shall (a) give notice thereof as soon as practicable to law enforcement authorities and to the Insurer through any of its authorized agents, and (b) file detailed proof of loss, duly sworn to, with the Insurer through its authorized agents within sixty (60) days after the discovery of loss.

**2.** *Condition No. 10 Action against insurer.* No action shall lie against the insurer unless, as a condition precedent thereto, there shall have been full compliance with all terms of this Policy, nor until ninety (90) days after the required proofs of loss have been filed with the Insurer, nor at all unless commenced within 2 years from the date when the Insured first has knowledge of the loss and within 1 year after the date upon which the claimant received written notice of disallowance or partial disallowance of the claim. Any such action shall be brought in a U.S. District Court, as required by 12 U.S.C. 1749bbb–11.

**474**

to a certain set of facts. Briefly, to come under this exception it must be clear that the government had in its possession within the sixty day period all the information that would have appeared on the sworn proof of loss statement. Furthermore, in both cases government investigators were active in the case within the sixty day period, sworn proof of loss statements were filed only somewhat belatedly, and negotiation of settlement amounts or partial payment on the claims had taken place. This Court has followed the reasoning of the *Meister Brothers* and *Dempsey* courts in circumstances that factually duplicate those cases. *Christofely v. Director, Federal Emergency Management Agency,* 580 F.Supp. 467 (E.D.N.Y.1984). In the case at hand, however, there has been no showing that the facts mimic those before the *Meister Brothers* and *Dempsey* courts. Plaintiff never filed the proof of loss statement, no payment or negotiations are even alleged, and no evidence of detailed government investigation of the claim within the sixty day period has been put forth. Moreover, aside from a notice of the burglary dated September 1, 1981 (Plaintiff's Exhibit B), plaintiff has failed to establish that the submitted documentation was filed within sixty days or that it provided all the information included in a proof of loss statement, thereby substantially complying with policy requirements.

Although state law might lead the Court to a different result in this matter, it is not controlling here. *Havemeyer Textile v. Federal Insurance Administrator,* 559 F.Supp. at 960; *Klein v. Pierce,* 554 F.Supp. at 20. This is an insurance policy issued pursuant to an act of Congress for the special purpose of extending insurance to areas that private insurers decline to insure. Federal law and regulations therefore control the outcome. By now it should be apparent that when one is dealing with the Federal Emergency Management Agency one must turn square corners. *See Rock Island, Arkansas & Louisiana Railroad Co. v. United States,* 254 U.S. 141, 143, 41 S.Ct. 55, 56, 65 L.Ed. 188 (1920).

## CONCLUSION

 It is clear that plaintiff's failure to file proof of loss within sixty days bars recovery under the terms of the policy, and summary judgment for the defendant must be granted pursuant to Rule 56(b), Fed.R. Civ.P. Accordingly, it is hereby

ORDERED, that defendant's motion for summary judgment is granted and plaintiff's case is dismissed.

The Clerk of the Court is ordered to enter judgment for defendant, dismissing the plaintiff's action.

SO ORDERED.