Benjamin COHEN, Plaintiff,

v.

FEDERAL INSURANCE ADMINISTRATION et alia, Defendants.

No. CV–82–0422.

United States District Court, E.D. New York.

Nov. 12, 1986.

Mishkin & Black by Jeffrey Klein, New York City, for plaintiff.

Andrew J. Maloney, U.S. Atty., E.D. of N.Y. by Igou M. Allbray, Asst. U.S. Atty., for defendants.

## MEMORANDUM AND ORDER

SIFTON, District Judge.

This is an action to recover on an insurance policy issued under the Federal Crime Insurance Program ("FCIP") for losses allegedly sustained in a burglary of plaintiff's premises on or about January 31, 1981. The matter is now before the Court on plaintiff's motion for an order striking defendants' affirmative defenses pursuant to Rule 12(h) of the Federal Rules of Civil Procedure and granting summary judgment in plaintiff's favor pursuant to Rule 56(a). Defendants have cross-moved for summary judgment in their favor. The parties' motions are based on stipulated facts filed in lieu of a Local Rule 3(g) statement.

This action was originally assigned to Judge Altimari before his appointment to the Second Circuit Court of Appeals. In a Memorandum and Order dated June 8, 1983, Judge Altimari denied defendants' motion to dismiss for failure to timely file a proof of loss claim and plaintiff's motion to strike defendants' affirmative defenses. *Cohen v. Federal Insurance Administration*, 565 F.Supp. 823 (E.D.N.Y.1983). Thereafter, the parties submitted a stipulation of facts to Judge Altimari, and prior to judgment the case was transferred to the undersigned.

Plaintiff, relying on the standards set forth in Judge Altimari's decision for determining whether an insured may recover on a policy after filing an untimely proof of loss, asserts that, although his broker filed

the proof of loss 24 days late, defendants were not prejudiced by the delay, and, therefore, he is entitled to recover under the policy. In response, defendants argue that courts are bound to give effect to the unambiguous terms of the policy and since plaintiff filed a proof of loss beyond the sixty days allowed by the policy, plaintiff should be denied any relief.

■ The terms of the Residential Crime Insurance Policy ("RCIP") make timely filing of proof of loss a condition precedent to recovery on a claim:

"Upon knowledge of loss or of an occurrence which may give rise to a claim for loss, the insured shall (a) give notice thereof as soon as practicable to law enforcement authorities and to the Insurer through any of its authorized agents, and (b) file detailed proof of loss, duly sworn to, with the insurer through its authorized agents within sixty (60) days after the discovery of the loss.

\* \* \* \* \* \*

"No action shall lie against the insurer unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy."

In the earlier decision in this case, Judge Altimari ruled that plaintiff's delivery of proof of loss to the broker who sold the policy, although within the 60 day notice period, did not constitute a proper filing, since the broker was not the FCIP's authorized agent for purposes of receiving proof of loss claims from the insured. 565 F.Supp. at 826–27. Having determined that plaintiff failed to file proof of loss with the FCIP within 60 days, the court nevertheless denied defendants' motion to dismiss on the ground that factual questions remained as to whether plaintiff's untimely filing excused defendants' obligation to pay on the policy. *Id.* at 827–28. While plaintiff is content to rest on Judge Altimari's decision, the defendants now ask this Court to reconsider Judge Altimari's determination that there are circumstances in which an untimely filing of proof of loss does not bar recovery under a RCIP. Plaintiff responds that this Court is bound

by Judge Altimari's decision by the doctrine of the law of the case.

■ The law of the case applies to all issues decided expressly or by necessary implication, *Fogel v. Chestnutt,* 668 F.2d 100, 108 (2d Cir.1981), and, therefore, applies to Judge Altimari's basis for denying defendants' motion to dismiss. The purpose of the doctrine is to further judicial economy, for when "litigants have once battled for the court's decision, they should be neither required nor, without good reason, be permitted to battle for it again." *Zdanok v. Glidden Company, Durkee Famous Foods Division,* 327 F.2d 944, 953 (2d Cir.), *cert. denied,* 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964).

It is well established in this Circuit however that the "law of the case is, at best, a discretionary doctrine which 'does not constitute a limitation on the court's power.'" *United States v. Birney,* 686 F.2d 102, 107 (2d Cir.1982), *quoting Dictograph Products Co. v. Sonotone Corp.,* 230 F.2d 131, 134 (2d Cir.1956). "The only limitation placed upon a trial judge's decision to disregard a previous ruling by a judge of coordinate jurisdiction is that prejudice not ensue to the party seeking the benefit of the doctrine." *Id.* at 107. *First National Bank of Hollywood v. American Foam Rubber Corp.,* 530 F.2d 450, 453 n. 3 (2d Cir.), *cert. denied,* 429 U.S. 858, 97 S.Ct. 157, 50 L.Ed.2d 135 (1976). It is with this standard in mind that the Court entertains defendants' motion to dismiss.

In his decision, Judge Altimari recognized that "the courts have almost invariably denied recovery where the claimant failed to comply with proof of loss requirements found in insurance policies issued under Federal programs." 565 F.Supp. at 827, *quoting Cross Queen, Inc. v. Director, Federal Emergency Management Agency,* 516 F.Supp. 806, 809 (D.V.I.1980); *Pavone, Inc. v. Secretary of HUD,* 547 F.Supp. 230 (D.Conn.1982); *Zeil Realty Corp. v. Director, FEMA,* 1982 Fire & Cas. (CCH) 253 (S.D.N.Y.1981); *Harper v. National Flood Insurers Ass'n,* 516 F.Supp.

725 (M.D.Pa.1981); *Continental Imports, Inc. v. Macy*, 510 F.Supp. 64 (E.D.Pa.1981). Moreover, the Court recognized that, despite the application of the doctrine of waiver in private insurance cases, waiver does not apply when the insurer is an agency of the United States government. 565 F.Supp. at 828, *citing Williamsburgh Doll & Novelty Corp. v. Giuffrida*, 560 F.Supp. 84 (E.D.N.Y.1982); *Cross Queen, Inc. v. Director, supra*, 516 F.Supp. at 809.

The Court, however, also cited several cases which have held that delay in filing a proof of loss does not bar recovery. *See Beck v. Director, FEMA*, 1982 Fire & Cas. (CCH) 483 (N.D.Ohio 1981); *Brennan v. FEMA*, 1981 Fire & Cas. (CCH) 841 (D.Mass.1981); *DelBoring Tire Service v. FEMA*, 496 F.Supp. 616 (W.D.Pa.1980); *Knisely v. Federal Crop Ins. Corp.*, 334 F.Supp. 425 (S.D.Ohio 1971).

Seeking a path between the two "extremes," the Court set down a five factored test for determining whether an untimely filing of a proof of loss should bar recovery on a FCIP policy: (1) Was a notice of loss filed? (2) If yes, how many days after the time allowed? (3) Why was the notice filed late? (4) Did the insurer have notice of the loss prior to the filing of the notice of claim itself? (5) Was the insurer prejudiced by the late filing, or failure to file, of a notice of proof of loss? Each case must be analyzed and decided on its own facts, giving effect to the above factors as well as to any others that in fairness justify consideration. The question of prejudice, however, should be at the forefront of the Court's analysis. 565 F.Supp. at 828.

Upon reviewing the cases cited in Judge Altimari's opinion as well as others concerning an insured's obligation under policies issued by federal agencies, this Court respectfully declines to apply the equitable standard set forth above in circumstances such as these, where the Court is asked to give effect to an unambiguous condition precedent to a federal insurer's obligation to pay on a claim of loss.

■ It is a well established "duty of all courts to observe the conditions defined by

Congress for charging the public treasury." *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947). Applying this rule, courts have consistently held that, where the insurer is an arm of the federal government, procedural requirements will be strictly construed and applied, and an insured's failure to provide a timely and complete sworn proof of loss statement will excuse the federal insurer's obligation to pay on an otherwise valid claim of loss. *See Victoria Camera, Inc. v. Giuffrida*, 566 F.Supp. 796 (S.D.N.Y.1983); *Nyasco Sports, Inc. v. Director, FEMA*, 561 F.Supp. 864 (S.D.N.Y. 1983); *ABK Men's Clothing v. HUD*, No. CV–82–1610 (E.D.N.Y. Feb. 25, 1983); *Havemeyer Textile v. FIA*, 559 F.Supp. 956 (E.D.N.Y.1983); *Williamsburgh Doll, supra*, 560 F.Supp. 84; *Klein v. Pierce*, 554 F.Supp. 18 (S.D.N.Y.1982); *Pavone v. Secretary of HUD, supra*, 547 F.Supp. 230.

For similar reasons, courts have held that the doctrines of waiver and estoppel, although available against private insurers, cannot be applied against a federal insurer unless there is evidence that an agent of the United States makes representations that amount to "affirmative misconduct," *United States v. RePass*, 688 F.2d 154, 158 (2d Cir.1982), or when the federal insurer has made a partial payment on the claim and is aware of all of the information that a proof of loss form would contain before the 60 day period elapsed. *Meister Bros., Inc. v. Macy*, 674 F.2d 1174, 1176–77 (7th Cir.1982). *See Victoria Camera, supra* 566 F.Supp. at 798; *Williamsburgh Doll, supra*, 560 F.Supp. at 85.

Judge Werker's decision in *Klein v. Pierce*, 554 F.Supp. 18 (S.D.N.Y.1982), is on point. In *Klein*, the plaintiff was insured under a policy issued by the FCIP which contained an identical notification requirement as was required here. Two days after the theft, plaintiff's broker notified a representative of FCIP of the loss. Plaintiff, however, failed to file a proof of loss for the claim until 29 days after the 60 day period had expired. *Id.* at 19. Despite plaintiff's arguments that a "statement of

loss" form submitted within the 60 day period was sufficient to put the defendant on notice of the loss, Judge Werker granted summary judgment for the defendant. More importantly, the Court explicitly rejected plaintiff's appeal to apply state insurance law which would, in certain circumstances, excuse an untimely filing of proof of loss statement. *Id.* at 20 n. 1. The court held that "[t]he [FCIP] and the instant insurance policy are governed by the explicit language of Congress and the Department of Housing and Urban Development. State law, no matter how appealing in result, is not determinative." *Id.* at 20; *see Federal Crop Insur. Corp. v. Merrill, supra,* 332 U.S. at 383–85, 68 S.Ct. at 2–4.

Two of the cases cited in Judge Altimari's opinion which excused an untimely filing of notice of proof of loss explicitly based their holding on cases involving private insurance companies and are therefore inapplicable here. *See Beck v. Director, FEMA, supra; DelBoring Tire Service v. FEMA,* 496 F.Supp. 616, 619 (W.D.Pa. 1980). The result in *Knisely v. Federal Crop Ins. Corp.,* 334 F.Supp. 425 (S.D.Ohio 1971), is also distinguishable since the court's decision there turned on a finding that the federal insurer had waived its right to argue untimely filing by unilaterally cancelling the policy due to an alleged improper formation of the contract. *Id.* at 429. Moreover, the *Knisely* court also relied on state insurance law as a basis for its decision. Finally, in *Brennan v. FEMA,* 1981 Fire & Cas. (CCH) 841 (D.Mass.1981), the court simply refused to grant summary judgment in favor of the federal insurer "on the basis of an alleged technical failure to comply with procedural niceties." *Id.* at 841. This rationale, however, directly controverts the long-standing rule that procedural requirements in federal insurance policies must be strictly enforced. *See Federal Crop Ins. Corp. v. Merrill, supra,* 332 U.S. at 386, 68 S.Ct. at 4.

Thus, the undersigned concludes that the application of a prejudice standard; although available against private insurers, was not appropriately applied when the policy is issued under a federal insurance program. No doubt, "[t]he circumstances of this case tempt one to read the [condition] with charitable laxity. But not even the temptations of a hard case can elude the clear meaning of the regulation." *Federal Crop, supra* at 386, 68 S.Ct. at 4. Since the Court finds that the stipulation of facts and exhibits of the parties present no genuine issue of material fact with respect to plaintiff's noncompliance and that, as a matter of law, defendants are entitled to judgment in their favor, defendants' motion for summary judgment is granted, and plaintiff's motion is denied.

The Clerk is directed to enter judgment dismissing the complaint and to mail a copy of the within to all parties.

SO ORDERED.